UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOEL VANGHELUWE and<br>JEROME VANGHELUWE,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>GOT NEWS, LLC, *et al.*,<br><br>　　　　Defendants. | Case No. 18-cv-10542<br>Honorable Laurie J. Michelson<br>Magistrate Judge Elizabeth A. Stafford |

## ORDER TO FILE AN AMENDED COMPLAINT

In August 2017, an individual drove his car into a group of protestors in Charlottesville, Virginia. The incident received much publicity. Allegedly, Got News, LLC, Freedom Daily, LLC, and others reported that Joel Vangheluwe was the driver. This was false. Thus, Joel and his father, Jerome Vangheluwe, filed this lawsuit claiming, among other things, defamation.

The Court questions whether it has subject-matter jurisdiction over the Vangheluwes' complaint. Because all of their claims are based on state law, the Vangheluwes' assert that this federal court has subject-matter jurisdiction under 28 U.S.C. § 1332. (R. 1, PID 4.) That statutory provision grants federal courts authority to decide suits where no plaintiff shares citizenship with any defendant (and more than $75,000 is in controversy). It appears that the Vangheluwes' are citizens of Michigan. But their complaint only alleges that the individual defendants in this case are "residing" in California, Missouri, Arkansas, North Carolina, Arizona, Texas, West Virginia, New York, Indiana, and Wisconsin. (R. 1, PID 4–8.) Residence is not citizenship. *See Novick v. Frank*, No. 16-4189, 2017 WL 4863168, at *1 (6th Cir. June 6, 2017); *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 391 (6th Cir. 2016) (discussing rejection of residence-

is-domicile presumption in the context of subject-matter jurisdiction). So it is possible that one of these individual defendants is a citizen of Michigan. Moreover, two defendants are limited liability companies. And LLCs are citizens of every state where a member of the LLC is a citizen. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). The Vangheluwes' complaint does not allege the citizenship of each member of the two LLCs. (*See* R. 1, PID 4.)

Accordingly, the Court is not satisfied that it has subject-matter jurisdiction over the Vangheluwes' complaint. The Vangheluwes' are thus directed to file an amended complaint by May 3, 2018 that adequately pleads federal subject-matter jurisdiction. Failure to do so will result in this case being dismissed. (The Court notes that the amended complaint submitted to satisfy this order does not count as "amend[ing] its pleading once as a matter of course" under Rule 15.)

SO ORDERED.

Dated: April 20, 2018

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
U.S. DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 20, 2018.

s/Keisha Jackson  
Case Manager