UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Joel Vangheluwe and Jerome Vangheluwe, <br><br>    *Plaintiffs*, <br><br>  v. <br><br> GotNews, LLC, Freedom Daily, LLC, Charles C. Johnson, Alberto Waisman, Jeffrey Rainforth, Jim Hoft, David Petersen, Jonathan Spiel, Shirley Husar, Eduardo Doitteau, Lita Coulthart-Villanueva, Kenneth Strawn, Patrick Lehnhoff, Beth Eyestone, Lori Twohy, Raechel Hitchye, James Christopher Hastey, Christopher Jones, Connie Comeaux, Gavin McInnes, Richard Weikart, and Paul Nehlen, <br><br>    *Defendants*. | Case No. :  2:18-cv-10542-LJM-EAS <br><br> Hon. Laurie J. Michelson <br><br> Mag. Elizabeth A. Stafford |

**MOTION FOR ISSUANCE OF SECOND SUMMONSES
FOR UNSERVED DEFENDANTS AND BRIEF IN SUPPORT**

Plaintiffs, JOEL VANGHELUWE and JEROME VANGHELUWE (collectively referred to as "Plaintiffs" herein), by and through their attorneys, hereby moves this Honorable Court for Issuance of Second Summonses for Unserved Defendants:

Plaintiffs have worked diligently to effect service on each of the twenty-two defendants throughout the country and have served the majority of defendants.  As

1

of this filing, Plaintiffs have been unable to serve the following defendants and request second summonses to be issued with regard to the following unserved defendants: (1) Defendant Shirley Husar in California, (2) Defendant Patrick Lenhoff in Missouri, (3) Defendant Beth Eyestone in Arkansas, (4) Defendant Lori Twohy in North Carolina, (5) Defendant Raechel Hitchye in Arizona, (6) Defendant Christopher Jones in West Virgina, and (7) Defendant Jonathan Spiel in Oregon. [Doc. 8]. Plaintiffs served Gavin McInnes this morning, and are filing the return of service simultaneously with the filing of this motion.

Plaintiffs move pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for additional time to effect service. The ninety-day deadline for filing proof of service otherwise would run on May 15, 2018. Plaintiffs request second summonses be issued so that service can be effected by June 14, 2018.

Respectfully submitted,

SOMMERMAN, McCAFFITY
& QUESADA, L.L.P.

 /s/ Andrew B. Sommerman
Andrew B. Sommerman*
ATTORNEYS FOR PLAINTIFFS
Texas State Bar No. 18842150
3811 Turtle Creek Boulevard,
Suite 1400
Dallas, Texas  75219
214/720-0720 (Telephone)
214/720-0184 (Facsimile)
andrew@textrial.com

**AND**

KIRK, HUTH, LANGE
& BADALAMENTI, PLC

*/s/ Raechel M. Badalamenti*
Raechel M. Badalamenti (P64361)
CO-COUNSEL FOR PLAINTIFFS
19500 Hall Road, Suite 100
Clinton Township, MI 48038
(586) 412-4900    Fax: (586) 412-4949

Dated: May 15, 2018                    rbadalamenti@khlblaw.com

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| Joel Vangheluwe and Jerome Vangheluwe,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>GotNews, LLC, Freedom Daily, LLC, Charles C. Johnson, Alberto Waisman, Jeffrey Rainforth, Jim Hoft, David Petersen, Jonathan Spiel, Shirley Husar, Eduardo Doitteau, Lita Coulthart-Villanueva, Kenneth Strawn, Patrick Lehnhoff, Beth Eyestone, Lori Twohy, Raechel Hitchye, James Christopher Hastey, Christopher Jones, Connie Comeaux, Gavin McInnes, Richard Weikart, and Paul Nehlen,<br><br>    *Defendants*. | Case No. :  2:18-cv-10542-LJM-EAS<br><br>Hon. Laurie J. Michelson<br><br>Mag. Elizabeth A. Stafford |

## PLAINTIFF'S BRIEF IN SUPPORT FOR MOTION FOR ISSUANCE OF SECOND SUMMONSES FOR UNSERVED DEFENDANTS

Plaintiffs, JOEL VANGHELUWE and JEROME VANGHELUWE (collectively referred to as "Plaintiffs" herein), by and through their attorneys, hereby moves this Honorable Court for Issuance of Second Summonses for Unserved Defendants:

## **INTRODUCTION**

1. This case is about a father and son who were falsely accused of assault, terrorism, conspiracies, murder, and racially charged violence in a targeted campaign by alt-right media.

2. Plaintiffs file this Motion regarding their efforts to effect service on defendants since filing their Complaint on February 14, 2018.

3. Plaintiffs have worked diligently to effect service on each of the twenty-two defendants throughout the country and have served the majority of defendants. [Doc. 7; Doc. 14]. As of this filing, Plaintiffs have been unable to serve the following defendants and request second summonses to be issued with regard to the following unserved defendants: (1) Defendant Shirley Husar in California, (2) Defendant Patrick Lenhoff in Missouri, (3) Defendant Beth Eyestone in Arkansas, (4) Defendant Lori Twohy in North Carolina, (5) Defendant Raechel Hitchye in Arizona, (6) Defendant Christopher Jones in West Virgina, and (7) Defendant Jonathan Spiel in Oregon. [Doc. 8]. Plaintiffs served Gavin McInnes this morning, and are filing the return of service simultaneously with the filing of this motion.

4. Plaintiffs move pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for additional time to effect service. The ninety-day deadline for filing proof of service otherwise would run on May 15, 2018. Plaintiffs request second summonses be issued so that service can be effected by June 14, 2018.

## EFFORTS TO COMPLETE SERVICE

5. Plaintiffs have worked diligently to effect service on all defendants. To date, Plaintiffs have served the following defendants in the following locations by personally serving them through a process server:

    a. Defendant Got News, LLC – Michigan [Doc. 14, pp. 3-4].

    b. Defendant Freedom Daily, LLC – Washington, D.C. [Doc. 7, pp. 1-2].

    c. Defendant Charles Johnson – Michigan [Doc. 14, pp. 1-2].

    d. Defendant Alberto Waisman – California [Doc. 7, pp. 3-4].

    e. Defendant Jeffrey Rainforth – California [Doc. 7, pp. 5-6].

    f. Defendant Jim Hoft – Missouri [Doc. 7, pp. 7-8].

    g. Defendant David Petersen – California [Doc. 7, pp. 9-10].

    h. Defendant Eduardo Doitteau – California [Doc. 7, pp.11-12].

    i. Defendant Coulthart-Villanueva – California [Doc. 7, pp. 13-14].

    j. Defendant Kenneth Strawn – California [Doc. 14, pp. 6-7].

    k. Defendant James Christopher Hastey – Texas [Doc. 14, pp. 5-6].

    l. Defendant Connie Comeaux – Arkansas [Doc. 7, pp. 15-17].

    m. Defendant Richard Weikart – Indiana [Doc. 7, pp. 20-22].

    n. Defendant Paul Nehlen – Wisconsin [Doc. 7, pp. 18-19].

      o. Defendant Gavin McInnes – New York , *Exhibit 1*, Declaration of Andrew B. Sommerman, ¶ 14.

6. **Defendant Shirley Husar in California.** Plaintiffs retained a process server to personally serve Defendant Husar. [Doc. 8, pp. 1-2]. Defendant Husar has moved to an unknown location. [Doc. 8, pp. 1-2]. On or around April 13, 2018, the process server went to the last known address to serve Defendant Husar. [Doc. 8, pp. 1-2]. The process server spoke to the new tenant at this address, and the new tenant still receives mail for Defendant Husar. [Doc. 8, pp. 1-2]. Plaintiffs then retained a private investigator to identify a new address for Defendant Husar. *Exhibit 1*, Declaration of Andrew B. Sommerman, ¶¶ 5, 8. He has been unable to locate a current address for Defendant Husar, but continues to search for one. *Exhibit 1*, Declaration of Andrew B. Sommerman, ¶ 8. The private investigator has contacted Defendant Husar and spoken with her on the phone. *Exhibit 1*, Declaration of Andrew B. Sommerman, ¶ 8. Defendant Husar has been uncooperative in providing a good address for service, claiming that she is traveling. *Exhibit 1*, Declaration of Andrew B. Sommerman, ¶ 8. Defendant Husar requested that the private investigator email the complaint to her. *Exhibit 1*, Declaration of Andrew B. Sommerman, ¶ 8.

7. **Defendant Patrick Lenhoff in Missouri.** Like Defendant Husar, Defendant Lenhoff has recently moved to an unknown location. [Doc. 8, pp. 7-8].

Plaintiffs retained a process server to personally serve Defendant Lenhoff. [Doc. 8, pp. 7-8]. The process server attempted service on or around April 16, 2018 and confirmed the current resident moved in one week prior and confirmed Defendant Lenhoff did not reside at that address. [Doc. 8, pp. 7-8]. Plaintiffs recently retained a private investigator who located what he understands to be Defendant Lenhoff's current address. *Exhibit 1*, Declaration of Andrew B. Sommerman, ¶ 9. Plaintiff continues to attempt service at this new address. *Exhibit 1*, Declaration of Andrew B. Sommerman, ¶ 9.

8. **Defendant Beth Eyestone in Arkansas.** Plaintiffs retained a process server to personally serve Defendant Eyestone. [Doc. 8, pp. 9-11]. The process server attempted service on four different dates: (1) April 10, 2018 at 2:26 P.M., (2) April 12, 2018 at 9:27 A.M., (3) April 15, 2018 at 12:32 P.M., and (4) April 18, 2018 at 7:07 P.M. [Doc. 8, pp. 9-11]. Defendant Eyestone could be dodging service. Plaintiffs recently retained a private investigator who confirm Defendant Eyestone's address. *Exhibit 1*, Declaration of Andrew B. Sommerman, ¶ 10. The private investigator spoke to Defendant Eyestone's parents through a phone number associated with her address. *Exhibit 1*, Declaration of Andrew B. Sommerman, ¶ 10. According to the private investigator, her parents do not know Defendant Eyestone's location. *Exhibit 1*, Declaration of Andrew B. Sommerman, ¶ 10. Plaintiff continues

to attempt service on Defendant Beth Eyestone. *Exhibit 1*, Declaration of Andrew B. Sommerman, ¶ 10.

9. **Defendant Lori Twohy in North Carolina.** Defendant Lori Twohy has also recently moved. [Doc. 8, pp. 12-13]. Plaintiffs retained a process server to serve Defendant Twohy. [Doc. 8, pp. 12-13]. The process server spoke to the owner of the property where Defendant Twohy was thought to reside and confirmed she is no longer a tenant at that address. [Doc. 8, pp. 12-13]. Plaintiffs retained a private investigator to locate the current whereabouts of Defendant Twohy. *Exhibit 1*, Declaration of Andrew B. Sommerman, ¶ 11. According to the private investigator, Defendant Twohy has moved twice since Plaintiffs originally located an address for her. *Exhibit 1*, Declaration of Andrew B. Sommerman, ¶ 11. Plaintiffs continue to attempt service on Defendant Lori Twohy. *Exhibit 1*, Declaration of Andrew B. Sommerman, ¶ 11.

10. **Defendant Raechel Hitchye in Arizona.** Defendant Raechel Hitchye also recently moved. [Doc. 8, pp. 14-15]. Plaintiffs retained a process server to serve Defendant Hitchye. [Doc. 8, pp. 14-15]. The process server spoke to the property manager at the apartment complex where Defendant Hitchye previously resided. [Doc. 8, pp. 14-15]. The property manager told the process server Defendant Hitchye moved approximately six month ago. [Doc. 8, pp. 14-15]. Plaintiffs then retained a private investigator to identify a new address for Defendant

Hitchye. *Exhibit 1*, Declaration of Andrew B. Sommerman, ¶ 12. He has been unable to locate a current address for Defendant Hitchye, but continues to search for one. *Exhibit 1*, Declaration of Andrew B. Sommerman, ¶ 12.

11. **Defendant Christopher Jones in West Virginia.** Plaintiffs retained a process server to personally serve Defendant Christopher Jones. [Doc. 8, pp.19-20]. The process server attempted to serve Defendant Jones, but determined he does not reside at the given address. [Doc. 8, pp.19-20]. Plaintiffs then retained a private investigator to identify a new address for Defendant Jones. *Exhibit 1*, Declaration of Andrew B. Sommerman, ¶ 13. The private investigator believes he has located the address of Defendant Jones's employer, and Plaintiff continues to attempt service on Defendant Jones. *Exhibit 1*, Declaration of Andrew B. Sommerman, ¶ 13.

12. **Defendant Gavin McInnes in New York.** Plaintiffs retained a process server to personally serve Defendant Gavin McInnes. [Doc. 8, pp. 21-21]. On or around April 18, 2018, the process server attempted to serve Defendant Gavin McInnes, but was unable to do so. [Doc. 8, pp. 21-22]. Plaintiffs then retained a private investigator to identify a new address for Defendant McInnes. *Exhibit 1*, Declaration of Andrew B. Sommerman, ¶ 14. The private investigator located a current address for Defendant McInnes, and was able to have Defendant McInnes personally served. *Exhibit 1*, Declaration of Andrew B. Sommerman, ¶ 14.

Plaintiffs are filing the return of service simultaneously with the filing of this Motion.

13. **Defendant Johnathan Spiel in Oregon.** Plaintiffs retained a process server to personally serve Defendant Jonathan Spiel, but the Return of Service has not been returned to counsel for Plaintiffs. *Exhibit 1*, Declaration of Andrew B. Sommerman, ¶ 15. Upon trying to personally serve Defendant Jonathan Spiel, Plaintiffs discovered the address for Defendant Spiel was a homeless shelter and an employee who worked there confirmed they did not know Jonathan Spiel. *Exhibit 1*, Declaration of Andrew B. Sommerman, ¶ 15. Plaintiffs retained a private investigator to locate Defendant Jonathan Spiel. *Exhibit 1*, Declaration of Andrew B. Sommerman, ¶ 15. The private investigator has located what he understands to be a new address for Defendant Spiel, but service has not been effected as of the time of this filing. *Exhibit 1*, Declaration of Andrew B. Sommerman, ¶ 15.

### ADDITIONAL THIRTY (30) DAYS IS REQUIRED TO EFFECT SERVICE

14. The Federal Rules of Civil Procedure require the Court to dismiss without prejudice a complaint that is not served within ninety days of filing, after first providing plaintiffs notice, or order that service be made within a specified time period. FED. R. CIV. P. 4(m). Plaintiffs filed their Complaint on February 14, 2018, making May 15, 2018 the ninety-day deadline. This same rule, however, provides that the Court "must extend the time for service for an appropriate period" if

Plaintiffs show good cause. FED. R. CIV. P. 4(m). The extraordinary difficulty of locating a defendant despite diligent efforts should be considered by the Court in determining "good cause." *Coleman v. Cranberry Baye Rental Agency*, 202 F.R.D. 106, 109 (N.D.N.Y. 2001) ("Plaintiffs' counsel's affidavit describes three attempts to obtain information from her son, at least two contacts with an HUD investigator, contact with a private investigator who undertook a nationwide database search to locate her, and unsuccessful efforts to serve her at three different addresses in Florida.")

15. Plaintiffs bear the burden to establish good cause. *Habib v. General Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994). "Good cause necessitates a demonstration of why service was not made within the time constraints of Fed. R. Civ. P. [4(m)]." *Id.* An evaluation of good cause is left to the "sound discretion of the district court." *Id.*

16. There is good cause here. Plaintiffs obtained process servers to personally each of the twenty-two defendants across the county. Most of the defendants have been served. Simply put, some of these defendants have been easier to locate than others. *Exhibit 1*, Declaration of Andrew B. Sommerman, ¶ 5. This case did not arise out of a business transcription or a car wreck where the opposing party is easy to identify and locate. *Exhibit 1*, Declaration of Andrew B. Sommerman, ¶ 5. Instead, this case arose out of a doxing campaign on the internet.

*Exhibit 1*, Declaration of Andrew B. Sommerman, ¶ 5. Plaintiffs spent significant time identifying the correct individuals based solely on a Twitter handle or Facebook post. *Exhibit 1*, Declaration of Andrew B. Sommerman, ¶ 5. Plaintiffs reasonably believed that service could be accomplished at each of the addresses identified in the Original Complaint for each of the unserved defendants. *Exhibit 1*, Declaration of Andrew B. Sommerman, ¶ 5. However, many of these individuals appear to have moved since Plaintiffs first identified their addresses. Once it became clear the process servers were having difficulty servicing some of these defendants, Plaintiffs retained a private investigator to assist in locating them. *Exhibit 1*, Declaration of Andrew B. Sommerman, ¶ 5. Plaintiffs prefers to effectuate service by personally serving each defendant and respectfully request additional time to do so pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

17. Despite diligence, Plaintiffs have not yet effected service of the Summons and Complaint on seven of the twenty-two defendants. Plaintiffs have effected service of the Summons and First Amended Complaint on Gavin McInnes, and will file the return of service simultaneously with the filing of this Motion.

## CONCLUSION

WHEREFORE, premises considered, Plaintiffs request an Order (a) directing Plaintiffs to submit proposed Second Summonses within five (5) day for entry; (b) authorizing entry of Second Summonses for Defendants Shirley Husar, Patrick

Lenhoff, Beth Eyestone, Lori Twohy, Raechel Hitchye, Christopher Jones, and Jonathan Spiel; and (c) granting such other relief as may be appropriate.

                                      Respectfully submitted,

                                      SOMMERMAN, McCAFFITY
                                      & QUESADA, L.L.P.

                                      **_/s/_ _Andrew B. Sommerman_____**
                                      Andrew B. Sommerman*
                                      ATTORNEYS FOR PLAINTIFFS
                                      Texas State Bar No. 18842150
                                      3811 Turtle Creek Boulevard,
                                      Suite 1400
                                      Dallas, Texas 75219
                                      214/720-0720 (Telephone)
                                      214/720-0184 (Facsimile)
                                      andrew@textrial.com

                                      **AND**

                                      KIRK, HUTH, LANGE
                                      & BADALAMENTI, PLC

                                      **_/s/ Raechel M. Badalamenti_____**
                                      Raechel M. Badalamenti (P64361)
                                      CO-COUNSEL FOR PLAINTIFFS
                                      19500 Hall Road, Suite 100
                                      Clinton Township, MI 48038
                                      (586) 412-4900   Fax: (586) 412-4949

Dated: May 15, 2018                    rbadalamenti@khlblaw.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on May 15, 2018, the foregoing Motion was served via ECF on counsel of record for defendants who have appeared in this case.

                                     */s/ Andrew B. Sommerman*