# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| Joel Vangheluwe and Jerome Vangheluwe,<br><br>*Plaintiffs*,<br><br>v.<br><br>GotNews, LLC, Freedom Daily, LLC, Charles C. Johnson, Alberto Waisman, Jeffrey Rainforth, Jim Hoft, David Petersen, Jonathan Spiel, Shirley Husar, Eduardo Doitteau, Lita Coulthart-Villanueva, Kenneth Strawn, Patrick Lehnhoff, Beth Eyestone, Lori Twohy, Raechel Hitchye, James Christopher Hastey, Christopher Jones, Connie Comeaux, Gavin McInnes, Richard Weikart, and Paul Nehlen,<br><br>*Defendants*. | Case No. : 2:18-cv-10542-LJM-EAS<br><br>Hon. Laurie J. Michelson<br><br>Mag. Elizabeth A. Stafford |

## **DECLARATION OF ANDREW B. SOMMERMAN**

I, Andrew B. Sommerman, declare:

1. I am an attorney at Sommerman, McCaffity & Quesada, LLP and counsel for Plaintiffs Joel Vangheluwe and Jerome Vangheluwe in this federal court. I have personal knowledge of the facts contained herein.

2. I am licensed to practice law in the State of Texas. I have been admitted to practice in the Eastern District of Michigan, and am authorized to represent Joel Vangheluwe and Jerome Vangheluwe in this action.

3. Plaintiffs filed this lawsuit on February 14, 2018. Plaintiffs retained a company to locate process servers to personally serve each of the twenty-two defendants across the county. Most of the defendants have been served.

4. Plaintiffs have personally served the majority of defendants in this case. Those defendants and their respective locations are:

   a. Defendant Got News, LLC – Michigan [Doc. 14, pp. 3-4].

   b. Defendant Freedom Daily, LLC – Washington, D.C. [Doc. 7, pp. 1-2].

   c. Defendant Charles Johnson – Michigan [Doc. 14, pp. 1-2].

   d. Defendant Alberto Waisman – California [Doc. 7, pp. 3-4].

   e. Defendant Jeffrey Rainforth – California [Doc. 7, pp. 5-6].

   f. Defendant Jim Hoft – Missouri [Doc. 7, pp. 7-8].

   g. Defendant David Petersen – California [Doc. 7, pp. 9-10].

   h. Defendant Eduardo Doitteau – California [Doc. 7, pp.11-12].

   i. Defendant Coulthart-Villanueva – California [Doc. 7, pp. 13-14].

   j. Defendant Kenneth Strawn – California [Doc. 14, pp. 6-7].

   k. Defendant James Christopher Hastey – Texas [Doc. 14, pp. 5-6].

   l. Defendant Connie Comeaux – Arkansas [Doc. 7, pp. 15-17].

   m. Defendant Richard Weikart – Indiana [Doc. 7, pp. 20-22].

   n. Defendant Paul Nehlen – Wisconsin [Doc. 7, pp. 18-19].

     o. Defendant Gavin McInnes – New York.

  5. However, some of the defendants have been difficult to locate and serve. This case did not arise out of a business transaction or a car wreck. Instead, this case arose out of a doxing campaign on the internet. Plaintiffs spent significant time identifying the correct individuals based solely on a Twitter handle or Facebook post. Plaintiffs reasonably believed that service could be accomplished at each of the addresses identified in the Original Complaint for each of the unserved Defendants. However, many of these individuals appear to have moved since Plaintiffs first identified their addresses. Once it became clear the process servers were having difficulty serving these defendants, Plaintiffs retained a private investigator to assist in locating many of the defendants.

  6. Plaintiffs have been diligently working to effect service on each defendant. However, as of the date of this declaration, Plaintiffs have been unable to serve the following defendants: (1) Defendant Shirley Husar in California, (2) Defendant Patrick Lenhoff in Missouri, (3) Defendant Beth Eyestone in Arkansas, (4) Defendant Lori Twohy in North Carolina, (5) Defendant Raechel Hitchye in Arizona, (6) Defendant Christopher Jones in West Virgina, and (7) Defendant Jonathan Spiel in Oregon. [Doc. 8]. Plaintiff served Defendant Gavin McInnes in New York on May 15, 2018, but have not received the return of service from the process server.

7. Plaintiffs hired personal process servers to attempt service on each of these defendants. After the process servers were unable to serve each of these defendants, Plaintiffs retained a private investigator to confirm the whereabouts and addresses of each of these unserved defendants. The efforts made to serve each of these defendants is discussed in more detail below.

8. **Defendant Shirley Husar in California.** Plaintiffs retained a process server to personally serve Defendant Husar. [Doc. 8, pp. 1-2]. Defendant Husar has moved to an unknown location. [Doc. 8, pp. 1-2]. On or around April 13, 2018, the process server went to the last known address to serve Defendant Husar. [Doc. 8, pp. 1-2]. The process server spoke to the new tenant at this address, and she still receives mail for Defendant Husar. [Doc. 8, pp. 1-2]. Plaintiffs then retained a private investigator to identify a new address for Defendant Husar. He has been unable to locate a current address for Defendant Husar, but continues to search for one. The private investigator has contacted Defendant Husar and spoken with her on the phone. Defendant Husar has been uncooperative in providing a good address for service, claiming that she is traveling. Defendant Husar requested that the private investigator email the complaint to her.

9. **Defendant Patrick Lenhoff in Missouri.** Like Defendant Husar, Defendant Lenhoff has recently moved to an unknown location. [Doc. 8, pp. 7-8]. Plaintiffs retained a process server to personally serve Defendant Lenhoff. [Doc. 8,

pp. 7-8]. The process server attempted service on or around April 16, 2018 and confirmed the current resident moved in one week prior and confirmed Defendant Lenhoff did not reside at that address. [Doc. 8, pp. 7-8]. Plaintiffs recently retained a private investigator who located what he understands to be Defendant Lenhoff's current address. Plaintiff continues to attempt service at this new address.

10. **Defendant Beth Eyestone in Arkansas.** Plaintiffs retained a process server to personally serve Defendant Eyestone. [Doc. 8, pp. 9-11]. The process server attempted service on four different dates: (1) April 10, 2018 at 2:26 P.M., (2) April 12, 2018 at 9:27 A.M., (3) April 15, 2018 at 12:32 P.M., and (4) April 18, 2018 at 7:07 P.M. [Doc. 8, pp. 9-11]. Defendant Eyestone could be dodging service. Plaintiffs recently retained a private investigator who confirm Defendant Eyestone's address. The private investigator spoke to Defendant Eyestone's parents through a phone number associated with her address. According to the private investigator, her parents do not know Defendant Eyestone's location. Plaintiff continues to attempt service on Defendant Beth Eyestone.

11. **Defendant Lori Twohy in North Carolina.** Defendant Lori Twohy has also recently moved. [Doc. 8, pp. 12-13]. Plaintiffs retained a process server to serve Defendant Twohy. [Doc. 8, pp. 12-13]. The process server spoke to the owner of the property where Defendant Twohy was thought to reside and confirmed she is no longer a tenant at that address. [Doc. 8, pp. 12-13]. Plaintiffs retained a private

investigator to locate the current whereabouts of Defendant Twohy. According to the private investigator, Defendant Twohy has moved twice since Plaintiffs originally located an address for her. Plaintiffs continue to attempt service on Defendant Lori Twohy.

12. **Defendant Raechel Hitchye in Arizona.** Defendant Raechel Hitchye also recently moved. [Doc. 8, pp. 14-15]. Plaintiffs retained a process server to serve Defendant Hitchye. [Doc. 8, pp. 14-15]. The process server spoke to the property manager at the apartment complex where Defendant Hitchye previously resided. [Doc. 8, pp. 14-15]. The property manager told the process server Defendant Hitchye moved approximately six month ago. [Doc. 8, pp. 14-15]. Plaintiffs then retained a private investigator to identify a new address for Defendant Hitchye. He has been unable to locate a current address for Defendant Hitchye, but continues to search for one.

13. **Defendant Christopher Jones in West Virginia.** Plaintiffs retained a process server to personally serve Defendant Christopher Jones. [Doc. 8, pp.19-20]. The process server attempted to serve Defendant Jones, but determined he does not reside at the given address. [Doc. 8, pp.19-20]. Plaintiffs then retained a private investigator to identify a new address for Defendant Jones. The private investigator believes he has located the address for Defendant Jones' place of employment, and Plaintiffs continue to attempt service.

14. **Defendant Gavin McInnes in New York.** Plaintiffs retained a process server to personally serve Defendant Gavin McInnes. [Doc. 8, pp. 21-21]. On or around April 18, 2018, the process server attempted to serve Defendant Gavin McInnes, but was unable to do so. [Doc. 8, pp. 21-22]. Plaintiffs then retained a private investigator to identify a new address for Defendant McInnes. The private investigator located a current address for Defendant McGinnes, and was able to have Defendant McGinnes personally served on May 15, 2018. Plaintiffs will file the return of service as soon as their counsel receives it.

15. **Defendant Johnathan Spiel in Oregon.** Plaintiffs retained a process server to personally serve Defendant Jonathan Spiel, but the Return of Service has not been returned to me. Upon trying to personally serve Defendant Jonathan Spiel, Plaintiffs discovered the address for Defendant Speil was a homeless shelter. An employee who worked there confirmed they did not know Jonathan Spiel. Plaintiffs retained a private investigator to located Defendant Jonathan Spiel. The private investigator has located what he understands to be a better address for Defendant Spiel, but service has not been effected as of the time of this filing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this May 15th, 2018.

_____
Andrew B. Sommerman
Counsel for Jerome Vangheluwe and
Joel Vangheluwe