Case No.: 2:18-cv-10542-LJM-EAS

Hello, this is Defendant Kenneth G. Strawn, answering the complaint brought forth by the Vangheluwe family. In response to receiving a previous legal threat on November 8, 2017, I issued a retraction located here, which includes a photo of the legal threat in question:
https://twitter.com/realkstrawn93/status/928426702790737920

Yes, my Twitter username has changed since the four bad tweets were supposedly sent out, so it may not have gone through to your end, but A, the retraction does exist, and B, all tweets mentioning his name were purged from my profile on November 8, 2017, the day that letter was received and the retraction in question was posted. Your legal team has, however, insisted on going after me anyway despite the original letter having contained an explicit promise not to sue should a retraction be posted. That makes the entire letter, which was sent by the Sommerman, McCaffity, and Quesada law firm in Dallas, Texas, dated November 6, 2017, and arrived at my residence via FedEx two days thereafter, a possible perjury case.

Moreover, when many of the offending, defaming content was published, there was a false lead in the case regarding a license plate registration. Mr. Vangheluwe's parents failed to deregister the car before selling it to multiple buyers and eventually James Fields, which is a case of gross negligence capable of misleading truth seeking independent gonzo-journalists like myself and the others who were A, just trying to find out who did it, and B, busy enough to forget about the offending content still being posted after the real perpetrator was discovered. Had this registration been purged or expunged upon sale, none of the offending content — all of which was based entirely on this license registration false posItive — would ever have been posted and none of the resulting death threats by people gullibly reading such content would ever have been sent out.

Don't get me wrong, receiving death threats and being forced to leave home for fear of safety is a fate I wish on no one. If these death threats came from people on the right, then those who sent them deserve to be banned from the movement; having received similar threats from Antifa (not to mention my address doxxed) in the lead-up to the August 20, 2017 Laguna Beach rally myself, I know full well just how vicious this mob mentality is and do not condone it one bit. Troll mobbing, doxing, threatening, and labeling are banned tactics in any movement, political or not, and anyone supposedly on the right who engages in tactics that you typically would only see in Berkeley should be ashamed of themselves.

RECEIVED
MAY 25 2018
LAURIE J. MICHELSON
U.S. DISTRICT JUDGE

The morality factor, however, is completely beside the point, which is that this entire case is a case of failure to take responsibility for making sure the registration was off the record upon sale. The plaintiff has only himself and his parents to blame for selling a car with the Ohio GVF-1111 license plate without deregistering it beforehand and more importantly without removing the plate before placing that "For Sale" sign on the car, unintentionally misleading independent investigative journalists in the process. Regardless of whether or not it's intentional, misleading is still misleading. Libel and/or slander cases must always be deliberate in order to be valid. A misled party regardless of intent is by no means a party with the malicious intent required to make this the case it's made out to be.

According to California Code of Civil Procedure §§ 425.16–425.18, lawsuits intended to violate constitutionally protected freedoms — for example, freedom of the press which this case specifically threatens — are themselves on unlawful grounds, and precedent exists of this law being used in federal proceedings in the following Ninth Cir. cases:

- United States v. Lockheed Missiles and Space Co., in which the Ninth Circuit ruled that use of this law is permissible in district courts
- Thomas v. Fry's Electronics, in which the Supreme Court ruling in Swierkiewicz v. Sorema did not undermine the Lockheed decision and established that the California anti-SLAPP motion to strike and entitlement to fees and costs are available in federal courts
- Batzel v. Smith, in which Smith, a contractor hired by Batzel to do work at her home, claimed to have seen "older European" paintings on the walls and claimed to have overheard the plaintiff claim that she was one of Hitler's granddaughters, only for Smith and his agency to be sued for defamation in response. This case is exceptionally strong precedent as it is also a case of mistaken identity wrongly blown out of proportion as defamation, which in order to be legitimate must always be deliberate, never accidental.

I therefore ask that an attorney be appointed by the judge per the aforementioned Thomas v. Fry's decision and that an anti-SLAPP motion be filed by the appointed attorney per the aforementioned United States v. Lockheed decision, because my job is only part-time and the majority of my income is SSI which my Asperger's syndrome qualifies me for. Thank you, and feel free to email me at kenny.strawn@gmail.com if you have any follow-up responses.

*[signature]*

5/15/2018

May 15, 2018

To: Whom it may concern:

I, Kenneth (Kenny) Strawn, do hereby give consent for all aspects of Case No. 2:18-cv-10542 and any prior or future filings that my result from this case, to be discussed with either or both of my parents, Wanda Strawn and Clifford Strawn.

Sincerely,

_____          _____
Kenneth Strawn                                                          Date

5/15/2018