Marc J. Randazza
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Tel: (702) 420-2001
ecf@randazza.com

Herschel P. Fink (Reg. # P13427).
JAFFE RAIT HEUER & WEISS, P.C.
Grand Park Centre Building
28 W. Adams Ave., Suite 1500
Detroit, MI 48226
Tel: (313) 800-6500
hfink@jaffelaw.com

*Attorneys for Defendants*
*GotNews, LLC & Chares C. Johnson*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| JOEL VANGHELUWE, et al., | Case No.: 2:18-cv-10542-LJM-EAS |
| Plaintiffs, | Hon. Laurie J. Michelson |
| v. | Mag. Elizabeth A. Stafford |
| GOTNEWS, LLC, *et. al.* | |
| Defendants. | |

## ANSWER TO AMENDED COMPLAINT,
## AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

## ANSWER TO AMENDED COMPLAINT,
## AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

Defendant, GotNews, LLC, hereby answers Plaintiffs' Amended Complaint (Dkt. No. 12),[1] paragraph-by-paragraph, as follows:

### INTRODUCTION[2]

1.   Denied.

2.   Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

3.   Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

4.   Defendant denies the allegation in the first sentence.  Defendant lacks sufficient information to admit or deny the allegation in the second sentence and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

---

[1]   Plaintiff Joel Vangheluwe is the only remaining Plaintiff as to Defendant GotNews, as Jerome Vangheluwe has accepted Defendant GotNews's offer of judgment.  *See* Dkt. No. 34.  However, as separate and final judgment has not entered, and as the Amended Complaint is in the conjunctive, Defendant is answering the Amended Complaint as filed.  Additionally, Plaintiffs Jerome Vangheluwe Joel Vangheluwe have accepted the offers of judgment of Defendant Charles C. Johnson. *See* Dkt. Nos. 32 & 33.  Accordingly, this Answer addresses the only remaining claims as to these Defendants: Joel Vangheluwe's claims against GotNews.

[2]   Defendant utilizes Plaintiffs' headings for reference purposes only.  To the extent they are deemed substantive allegations, they are denied.

5.      Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

6.      Defendant denies the allegations in the first sentence.  Defendant lacks sufficient information to admit or deny the allegation in the second sentence and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.  Defendant admits to publishing the names and photographs of Plaintiffs, and denies the remaining allegations in the third sentence.

7.      Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

8.      Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

9.      Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

10.      Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

## THE PARTIES

11.    Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

12.    Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

13.    Defendant admits it is a California limited liability company, principal place of business, registered agent, and citizenship of its members.  Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

14.    Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

15.    Defendant admits Mr. Johnson's individual, citizenship, his role as editor, and his address.  Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

16.    Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

17.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

18.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

19.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

20.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

21.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

22.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

23.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

24.    Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

25.    Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

26.    Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

27.    Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

28.    Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

29.    Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

30.    Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

31.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

32.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

33.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

34.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

## <u>JURISDICTION AND VENUE</u>

35.     Denied.

36.     Defendant lacks sufficient information to admit or deny the allegation in the first sentence and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation. Defendant admits it stated the vehicle was owned by Jerome Vangheluwe.  Defendant denies the remaining allegations in this paragraph.

37.     This paragraph contains a legal conclusion to which no response is required; to the extent a response is required, Defendant states that the citation speaks for itself.

38.     Denied.

39.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

40.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

41.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

42.     Defendant admits Mr. Johnson is the founder and editor-in-chief of Gotnews.com, and that the footnote citation speaks for itself.  Defendant denies the remaining allegations in this paragraph.

43.     Denied.

44.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

45.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

46.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

47.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

48.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

49.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

50.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

51.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

52.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

53.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

54.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

55.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

56.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

57.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

58.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

59.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

60.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

61.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

62.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

63.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

64.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

65.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

66.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

67.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

68.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

69.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

70.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

71.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

72.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

73.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

74.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

75.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

76.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

## **FACTS**

77.     Defendant admits that, on August 12, 2017, a Dodge Challenger was driven into a crowd at a "United the Right" rally in Charlottesville, Virginia, resulting in the death of a woman identified as Heather Heyer and injuring approximately 19 others. Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

78.     Defendant admits that an individual named James Fields, Jr., was charged with the said crimes related to the vehicle operation.  Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

79.     Defendant admits it published an article on August 12, 2017, identifying Joel Vangheluwe as having previously operated the Dodge Challenger.  Defendant denies the remaining allegation of this paragraph.

80.     Defendant admits that the article contained the stated quotations and photograph.

81.     Defendant admits that the article contained the stated quotations and photograph.  Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

82.     Defendant admits that the article contained the stated quotations and photographs and that Mr. Johson is the CEO.  Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

83.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

84.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

85.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

86.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

87.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

88.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

89.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

90.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

91.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

92.     Defendant admits that the text of the GotNews article speaks for itself. Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

93.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

94.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

95.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

96.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

97.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

98.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

99.     Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

100.    Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

101.    Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

102.    Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

103.    Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

104.    Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

105.    Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

106.    Defendant admits that the GotNews article speaks for itself.  Defendant admits that Paul Nehlen wrote for Defendant prior to August 2017.  Defendant denies Mr. Johnson having such a stated propensity.  Defendant denies it is not a reliable media outlet.   Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

107.    Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

108.    Defendant denies posting defamatory information about Plaintiffs. Defendant lacks sufficient information to admit or deny the remaining allegations in

this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

109.   Defendant admits Plaintiffs' counsel sent it a letter on or about November 6, 2017, purportedly under the stated statute, seeking a retraction that had already been made.   Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

110.   Defendant denies having made defamatory statements.   Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

## FIRST CAUSE OF ACTION

111.   Defendant repeats the foregoing answers and reincorporates them by reference as though fully set forth herein.

112.   Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

113.   Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

114.   Denied.

115.    Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

116.    Denied.

117.    Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

118.    Denied.

119.    This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, the allegation is denied.

120.    Denied.

121.    This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, the allegation is denied.

## SECOND CAUSE OF ACTION

122.    Defendant incorporates its responses in the foregoing paragraphs as if fully set forth herein.

123.    Denied.

124.    Denied.

125.    Denied.

126.    This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, the allegation is denied.

127.    This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, the allegation is denied.

128.   This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, the allegation is denied.

129.   This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, the allegation is denied.

130.   This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, the allegation is denied.

## THIRD CAUSE OF ACTION

131.   Defendant repeats its responses in the foregoing paragraphs as if fully set forth herein.

132.   Denied.

133.   This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, the allegation is denied.

134.   This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, the allegation is denied.

135.   Defendant lacks sufficient information to admit or deny the allegation in this paragraph and leaves Plaintiffs to their proof; to the extent a response is required, Defendant denies this allegation.

136.   This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, the allegation is denied.

137.   This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, the allegation is denied.

138.   This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, the allegation is denied.

139. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, the allegation is denied.

140. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, the allegation is denied.

## AFFIRMATIVE DEFENSES

Subject to the responses above, and without assuming any burden other than that imposed by operation of law, Defendant alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, whether or not designated as such herein. Defendant reserves the right to assert additional defenses that become known through the course of discovery or otherwise.

### First Affirmative Defense
### Truth

1. Upon information and belief, Jerome Vangheluwe owned the alleged Dodge Challenger.

2. Upon information and belief, Joel Vangheluwe operated the alleged Dodge Challenger when it was owned by Jerome Vangheluwe.

3. According to records of the State of Michigan, at the time the article was published, they stated Jerome Vangheluwe owned the alleged Dodge Challenger.

4. Upon information and belief, the social media posts and photographs published in the GotNews article about Joel Vangheluwe were originally written and/or published by Joel Vangheluwe.

5.      Although the burden of proof for falsity is upon Plaintiff, as applied to Plaintiff's claims for defamation and false light, Defendant avers that all statements allegedly made by Defendant complained of by Plaintiff are true.

6.      Any complained-of statements allegedly made by Defendant that may happen to lack 100% factual veracity are substantially true, and thus are treated as true as a matter of law.

7.      As truth is an absolute defense to defamation and false light, Defendant cannot be liable for these claims.

**Second Affirmative Defense**
**Substantial Truth**

1.      Any statements made by Defendant complained of by Plaintiff that are not literally true are substantially true, in that the "gist" or "sting" of the statements is true.

2.      As substantial truth is a defense to claims for defamation and false light, Defendant cannot be liable for these claims.

**Third Affirmative Defense**
**Fair Report Privilege**

1.      Pursuant to Mich. Comp. Law § 600.2911(3), Defendant is protected by the fair report privilege and/or the Constitutional and Common Law "Fair Reports" privilege to publish fair and true reports of public records.

2.      At all relevant times, the GotNews article contained a fair and true report of Ohio records connecting the license plate of the subject vehicle to a vehicle with VIN of 2B3CJ4DV8AH111921.

3.    At all relevant times, the GotNews article contains a fair and true report of records of the State of Michigan showing Jerome Vangheluwe was the then-current owner of a vehicle with VIN of 2B3CJ4DV8AH111921.

4.    The GotNews article was not published with actual malice, *i.e.,* actual knowledge of falsity or with reckless disregard of the truth thereof.

5.    Therefore, Plaintiff's claims are barred by the fair report privilege.

### Fourth Affirmative Defense
### Hot News Privilege

1.    Michigan recognizes a qualified hot-news privilege "to disseminate current, topical, immediate news of public interest[.]" *Weeren v. Evening News Asso.*, 379 Mich. 475, 509 (1967).

2.    When news "require[s] immediate dissemination" and the source has given "every indication of being trustworthy and competent," absent a "severe departure from accepted publishing standards[,]" a plaintiff cannot prove ordinary negligence. *Curtis Pub. v. Butts*, 388 U.S. 130, 158-59 (1967).

3.    At all relevant times herein, GotNews's source of public records provided by users of the 4Chan.org message board had every indication of being trustworthy and competent.

4.    GotNews did not depart for accepted publishing standards, let alone in a severe manner.

5.    Therefore, Plaintiff's claims are barred by the hot-news privilege.

### Fifth Affirmative Defense
### Wire-Service Defense

1.      Michigan recognizes the wire-service defense. *Howe v. Detroit Free Press, Inc.*, 219 Mich. App. 150, 154 (1996) ("The local media organization does not have a duty ... to independently verify the accuracy of the wire service release.") aff'd, 457 Mich. 870 (1998).

2.      At all relevant times herein, 4Chan constituted a wire service and was a reliable source of information.

3.      At all relevant times herein, GotNews reproduced the 4Chan story without substantial change.

4.      At all relevant times herein, GotNews was justified in relying on 4Chan's reporting about Plaintiff.

5.      Therefore, Plaintiff's claims are barred by the wire-service defense.

### Sixth Affirmative Defense
### Unclean Hands and/or Contributory Fault

1.      Plaintiff represented on his social media pages his operation of the subject Dodge Challenger at the time of the rally.

2.      Plaintiffs failed to ensure the State of Michigan's records accurately reflected that Jerome Vangheluwe had sold the subject Dodge Challenger at some point prior to the rally.

3.      Plaintiff's claims are thus barred by the doctrine of unclean hands and/or Plaintiff was contributorily responsible for some or all of his alleged damages.

**Seventh Affirmative Defense**
**Lack of Personal Jurisdiction**

1.      For the arguments stated Defendant Paul Nehlen's Third Motion to Dismiss (Dkt. No. 35), this Court lacks personal jurisdiction over Defendant.

2.      Defendant is a California citizen, operating from the State of California.

3.      Defendant's article was about an Ohio-registered vehicle operated in the Commonwealth of Virginia.

4.      Defendant lacks sufficient minimum contacts with the State of Michigan.

5.      Defendant did not purposely avail itself of the State of Michigan.

6.      Defendant was fraudulently induced into the State of Michigan to be served, under the bad-faith guise of mediation.

7.      Therefore, this Court lacks personal jurisdiction over Defendant.

**Eighth Affirmative Defense**
**Improper Venue**

1.      Not all defendants are residents of the State of Michigan.

2.      None of the events or omissions giving rise to the alleged claims occurred in the State of Michigan.

3.      This action may otherwise be brought against Defendant in the State of California.

4.      Therefore, this Court is an improper venue.

**Ninth Affirmative Defense**
**Insufficient Process**

1.      On May 2, 2018, Plaintiffs returned the summons issued for service upon Defendant as unexecuted.  Dkt. No. 8.

2.      Plaintiffs did not seek issuance of an alias or second summons for Defendant thereafter.

3.      On May 5, 2018, Plaintiffs purported to serve an invalid summons upon Defendant.  Dkt. No. 14.

4.      The deadline to serve Defendant under Fed. R. Civ. P. 4(m) has since expired without extension or good cause for the failure thereof.

5.      Therefore, this action may be dismissed for insufficient process.

### Tenth Affirmative Defense
### Failure to State a Claim

1.      Plaintiff has failed to sufficiently plead the elements of a cause of action for defamation as to Defendant.  Statements alleged to have been made by Defendant of and concerning Plaintiff were not defamatory as a matter of law.

2.      Plaintiff has failed to sufficiently plead the elements of a cause of action for false light as to Defendant.  The facts allegedly disclosed concerning Plaintiff were not private, nor were they highly offensive to the reasonable person.  Plaintiff had no right or expectation of privacy with regard to the subject matter of the news stories at issue.  Defendant has acted in good faith and has not directly or indirectly performed any act that would constitute a violation of any rights of Plaintiff, or any duty owed to plaintiff.

3.      Plaintiff has failed to sufficiently plead the elements of a cause of action for intentional infliction of emotional distress as to Defendant.

4.      There exists no causal relationship between any loss or injury allegedly suffered by Plaintiff and any allegedly wrongful act by Defendant.

5.      All of the constitutional and legal defenses applicable to defamation actions apply equally to Plaintiff's alternate theories of recovery.

### Eleventh Affirmative Defense
### California Anti-SLAPP Statute, Cal. Code Civ. Proc. § 425.16

1.      At all relevant times herein, Plaintiff's actions arise form Defendant's free speech in connection with the public issue of the Rally.

2.      Plaintiff cannot establish a probability of prevailing on any claim.

3.      Therefore, Defendant is immune from suit under the California Anti-SLAPP Statute, Cal. Code Civ. Proc. § 425.15, and is entitled to its attorneys' fees and costs.

### Eleventh Affirmative Defense
### Rhetorical Hyperbole or Opinion

The allegedly false and actionable statements complained of were Constitutionally privileged hyperbole or opinions, and not facts, and are therefore privileged and unactionable, under the First and Fourteenth Amendments to the Constitution of the United States, and Article I, Section 5, of the Constitution of the State of Michigan.

### Twelfth Affirmative Defense
### Qualified Privilege and/or Fair Comment

The statements of which Plaintiff complaints were concerning matters of public interest and concern, and were privileged under the Michigan Doctrine of Qualified Privilege, and Article I, Section 5, of the Constitution of the State of Michigan and/or the doctrine of fair comment.

**Thirteenth Affirmative Defense**
**Lack of Economic Damage**

Plaintiff has suffered no economic damages, and this action is, accordingly, barred.  MCL § 600.2911.

**Fourteenth Affirmative Defense**
**Third Party Acts**

If Plaintiff has suffered any harm, it was caused by one or more third parties over whom Defendant has no control.

**Fifteenth Affirmative Defense**
**Unconstitutionality of Exemplary and Presumed Damages**

Plaintiff cannot recover exemplary damages, because any such award would violate the United States Constitution and Article I, Section 5 of the Constitution of the State of Michigan.  Any claim for presumed damages without proof of injury because it is defamatory *per se* is barred by the First Amendment.

**Sixteenth Affirmative Defense**
**Failure to Mitigate**

Plaintiff's complaint is barred as a result of his failure to mitigate his damages.

**Seventeenth Affirmative Defense**
**Immunity from Service**

Pursuant to MCL 600.1835(1), service upon Defendants was invalid as service was made upon them when they were privileged from service of process when they were going to, attending, or returning from, any court proceedings in this action, being the mediation, in which their presence was needed.

## PRAYER FOR RELIEF

WHEREFORE, Defendant asks the Court for judgment as follows:

A.     That judgment be rendered in favor of Defendant with respect to all counts and causes of action set forth in Plaintiff's Amended Complaint.

B.     That Plaintiff's Amended Complaint be dismissed in its entirety with prejudice.

C.     That Plaintiff take nothing by way of its Amended Complaint.

D.     That Defendant be awarded its attorneys' fees and costs of suit in defense of this action.

E.     For such other and further relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Defendant demands a jury trial on all claims and defenses which are triable to a jury in this action.


Dated: June 26, 2018                  Respectfully Submitted,

                                      /s/ Marc J. Randazza
                                      Marc J. Randazza
                                      RANDAZZA LEGAL GROUP, PLLC
                                      2764 Lake Sahara Drive, Suite 109
                                      Las Vegas, NV 89117

                                      Herschel P. Fink (Reg. # P13427).
                                      JAFFE RAIT HEUER & WEISS, P.C.
                                      Grand Park Centre Building
                                      28 W. Adams Ave., Suite 1500
                                      Detroit, MI 48226

                                      *Attorneys for Defendants*
                                      *GotNews, LLC & Chares C. Johnson*

Case No. 2:18-cv-10542-LJM-EAS

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 26, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully Submitted,

Employee,
Randazza Legal Group, PLLC

RANDAZZA | LEGAL GROUP