Marc J. Randazza
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Tel: (702) 420-2001
ecf@randazza.com

Herschel P. Fink (Reg. # P13427)
JAFFE RAIT HEUER & WEISS, P.C.
Grand Park Centre Building
28 W. Adams Ave., Suite 1500
Detroit, MI 48226
Tel: (313) 800-6500
hfink@jaffelaw.com

*Attorneys for Defendants*
*GotNews, LLC & Chares C. Johnson*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOEL VANGEHLUWE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GOTNEWS, LLC, et. al. <br><br> Defendants. | Case No.: 2:18-cv-10542-LJM-EAS <br><br> **DEFENDANTS GOTNEWS, LLC AND CHARLES JOHNSON'S REPLY TO RESPONSE TO MOTION FOR SANCTIONS** |

The Court issued a simple order—to confer and report the outcome. Rather than abide the order, Plaintiffs sought to make it what it is not: early discovery and argument. Defendants Charles C. Johnson and Got News, LLC, ("GotNews Defendants") hereby reply to Plaintiffs' response (Dkt. No. 46) to their motion for sanctions (Dkt. No. 44). Nothing in the response suggest that the Status Report (Dkt. No. 43) should not be rejected.

Pursuant to the May 16, 2018 Order for Plaintiffs to Meet and Confer with Each Defendant, the Court ordered:

> To advance judicial efficiency, the Court orders Plaintiffs to engage in a meaningful meet and confer with each defendant as they file an appearance (so far only Paul Nehlen and Richard Weikart). Email does not count. During the meet and confer, the parties are to discuss the possibility of settlement and thoroughly discuss the bases of any motions to dismiss. The parties are then to file a joint report stating the date of the meet and confer, whether the parties have settled their dispute (or whether additional time for settlement discussions is desired), whether the defendant will be filing a motion to dismiss or an answer, and the deadline for that motion or answer. No motions to dismiss or answers shall be filed prior to this meet and confer.

Dkt. No. 20. In furtherance of that order, counsel for Plaintiffs and the GotNews Defendants conferred by telephone on May 23, 2018. They discussed the possibility of settlement – of course, this followed an in-person mediation that pre-dated the order.[1] They also discussed the bases of any motions to dismiss.[2]

Plaintiffs filed Joint Conference Reports regarding their conferences with Defendants Paul Nehlen (Dkt. No. 30), Richard Weikart (Dkt. No. 31), Lita Coulthart-Villanueva (Dkt. No. 38), and Alberto Waisman (Dkt. No. 39), all following the simple

---

[1] In fact, prior to the conference order, the GotNews Defendants previously travelled to Michigan in good faith to attempt a mediated settlement in connection with this litigation. *See* Dkt. No. 15. Such good faith was fraudulently induced by Plaintiffs to purportedly serve them (Dkt. No. 14) with a summons that had already been returned as unexecuted (Dkt. No. 8).

[2] GotNews Defendants ultimately did not file a motion to dismiss under Rule 12. Instead, they answered the amended complaint (Dkt. No. 49) and filed a motion under the California Anti-SLAPP statute (Dkt. No. 50), which is treated as a summary judgment motion.

As evidenced by Plaintiffs' response to the sanctions motion, Plaintiffs attempted to misuse the purpose of the conference to try to compel early discovery. (Dkt. No. 46 at 2). Oddly, the GotNews Defendants had explained in prior negotiations that the article was based on public records and Plaintiffs were directed as to how to obtain them for themselves. Since the public records at issue are exhibits to the Anti-SLAPP motion, the discovery request is moot.

requirements of the order: stating the date, whether the dispute was settled, what responsive pleading would be filed, and the deadlines. Plaintiffs took an unreasonably expansive approach to the draft conference report for the GotNews Defendants, circulating a significantly lengthier draft, including material beyond that required by the Order. Plaintiffs also set forth an arbitrary deadline for the GotNews Defendants to respond, as the Order only set a deadline for meeting and conferring, not filing the report.

Rather than wait a reasonable period, counsel for Plaintiffs took it upon themselves to file their argumentative draft report (Dkt. No. 43). The GotNews Defendants took the only step they could in the face of this improper act: they moved for the Court to reject it, without monetary or other punitive sanction. Dkt. No. 44.

Plaintiffs do not attempt to excuse this except by claiming they "were left with no alternative but to file their own report." (Dkt. No. 46 at 2). Such is belied by their cross-request for guidance in their response to the motion. *Id.* at 3. That is, instead of filing their one-sided, argumentative report, Plaintiffs could have sought this Court's guidance, or they could simply have picked up the phone.

The GotNews Defendants were initially prepared to go along with the expansive form of the report proffered by Plaintiffs, revising their portion and providing those revisions to Plaintiffs on June 25, 2018.[3] In response, Plaintiffs sent over a heavily-

---

[3] Plaintiffs complain that the GotNews Defendants did not cause the joint report to be completed "within about 48 hours" as suggested in their motion. Dkt. No. 46 at 2-3. The GotNews Defendants had hoped Plaintiffs would voluntarily withdraw their improper report, leaving the issue of how to best proceed uncertain until Plaintiffs responded to the motion. Once Plaintiffs responded and did not withdraw their motion, on June 22, 2018, the GotNews Defendants sent their revisions to the draft report the next business day.

redlined version, further abusing the Order's requirements. Further communications demonstrated an unwillingness by Plaintiffs to adhere to the limited nature of the report, as the GotNews Defendants seek to file a joint report in the form akin to that filed for the other defendants, per the limited Order of May 16, 2018. Counsel for the GotNews Defendants served a draft upon Plaintiffs. *See* **Exhibit A**. It came back, again, heavily redlined, doubling-down on misrepresentations that undersigned counsel cannot endorse.

In light of the foregoing, the Status Report (Dkt. No. 43) should be rejected. The parties conferred, the GotNews Defendants answered the amended complaint, and their Anti-SLAPP motion has been filed. The purposes of the Order of May 16, 2018, have been fulfilled. If Mr. Sommerman wishes to engage in discovery or argument, the Rules do provide for that – but not in this manner.

Dated: June 29, 2018           Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117

Herschel P. Fink (Reg. # P13427).
JAFFE RAIT HEUER & WEISS, P.C.
Grand Park Centre Building
28 W. Adams Ave., Suite 1500
Detroit, MI 48226

*Attorneys for Defendants
GotNews, LLC & Chares C. Johnson*

Case No. 2:18-cv-10542-LJM-EAS

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 29, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

    Respectfully Submitted,

    _/s/ Trey Rothell_
    Employee,
    Randazza Legal Group, PLLC