## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Joel Vangheluwe and Jerome
Vangheluwe,

        *Plaintiffs*,

    v.

GotNews, LLC, Freedom Daily,
LLC, Charles C. Johnson, Alberto
Waisman, Jeffrey Rainforth, Jim
Hoft, David Petersen, Jonathan Spiel,
Shirley Husar, Eduardo Doitteau,
Lita Coulthart-Villanueva, Kenneth
Strawn, Patrick Lehnhoff, Beth
Eyestone, Lori Twohy, Raechel
Hitchye, James Christopher Hastey,
Christopher Jones, Connie Comeaux,
Gavin McInnes, Richard Weikart,
and Paul Nehlen,

        *Defendants.*

Case No. :  2:18-cv-10542-LJM-EAS

Hon. Laurie J. Michelson

Mag. Elizabeth A. Stafford

---

## PLAINTIFFS' SUR-REPLY TO DEFENDANT PAUL NEHLEN'S REPLY BRIEF IN SUPORT OF HIS FOURTH MOTION FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 12(B)(2) AND 12(B)(6)

NOW COME Plaintiffs Joel Vangheluwe and Jerome Vangheluwe, by and through Attorney Andrew B. Sommerman of Sommerman, McCaffity & Quesada, LLP, and hereby respond to Defendant Paul Nehlen's Reply Brief in Support of His Fourth Motion for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6).

# I.

## DEFENDANT JUDICIALLY ADMITTED HE STATED, "BREAKING: # CHARLOTTESVILLE CAR TERRORIST IS ANTI TRUMP, OPEN BORDERS DRUGGIE."

Twice in Defendant's Motion to Dismiss, Defendant admits that he stated, in his own words, that Plaintiff was a car terrorist and open borders druggie.

On page six (6) of Defendant's Brief in Support of His Fourth Motion for Dismissal [Doc. 35, p. 10], Defendant states, "Nehlen provided readers a hyperlink to the GotNews article <u>and stated</u>: "Breaking: # Charlottesville Car Terrorist is Anti Trump, Open Borders Druggie." (emphasis added).

On page fifteen (15) of his brief, Defendant admits he added comments about the GotNews article in his tweet: "Although Nehlen offered *de minimi*s commentary about the article in his tweet ('Breaking: # Charlottesville Car Terrorist is Anti Trump, Open Borders Druggie') . . ."  [Doc. 35, p. 22].

Obviously, Plaintiffs disagree that such commentary is *de minimis*.  Falsely accusing Plaintiff of being a murderer and terrorist is defamation, not a *de minimis* comment.  *See Elhanafi v. Fox Television Stations, Inc.*, 966 N.Y.S.2d 345 (Table) (Sup. Ct. 2012).  Calling someone a "druggie" is also defamation.  *Taylor v. Brinker Int'l*, No. 00-C-3866, 2002 WL 471994, *5 (N.D. Ill. March 22, 2002).

These statements are clear factual assertions from Nehlen's Fourth Motion for Dismissal. [Doc. 35].  When a party makes a factual assertion in pleadings, they are

considered judicial admissions.  For example, in *J.P. Morgan Chase Bank v. Winget*, Case No. 08-13845, 2017 WL 2868538 (E.D. Mich. July 5, 2017), the trial court found that when a party admitted to "not receiving value" in his Motion to Dismiss, that fact was judicially admitted.  *Id.* *6.  Similarly, in *U.S. v. Burns*, 109 Fed. Appx. 52 (6th Cir. 2004), when a party admitted that a shot gun was stolen, it became binding on the party whose attorney uttered it.  *Id.* at 58.

Here, Defendant clearly admits in his Motion the commentary is his statement: "Breaking: # Charlottesville Car Terrorist is Anti Trump, Open Borders Druggie."  Therefore, this Court should determine these facts are judicially admitted.

## II.

### DEFENDANT'S REPLY BRIEF ADDS NOTHING BUT A FACT QUESTION.

A Motion to Dismiss can only be decided on the facts contained in the pleadings or the documents attached.  The facts in Plaintiffs' pleading are taken as true for purposes of the motion to dismiss.  *Ruffin-Steinbeck v. de Passe*, 267 F.3d 457, 461 (6th Cir. 2001); *Dickson v. Township of Novesta*, No. 05-10045, 2006 WL 3240695, *3 (E.D. Mich. Nov. 6, 2006).

Plaintiffs alleged Nehlen stated Plaintiff was a "car terrorist" and an "open borders druggie."  Amended Complaint [Doc. 12, p. 42].  Defendant's Reply wants this Court to consider Defendant's facts outside that pleading.  Defendant wants to dispute Plaintiffs' allegations.  Fact disputes are improper under Rule 12(b)(6) of the

Federal Rules of Civil Procedure. *Wysocki v. Int'l Bus. Mach. Corp*. 607 F.3d. 1102 (6th Cir. 2010).

All facts are viewed in light most favorable to Plaintiffs, the facts are accepted as true, and all inferences are drawn in Plaintiffs' favor. *Ganitt v. Born*, 855 F.3d 623, 640 (6th Cir. 2016). Assessment of the factual sufficiency of a complaint must be undertaken without resorting to facts outside the pleadings. *Id.*

Plaintiffs properly alleged facts in their Complaint, and Defendant admitted these facts in his Motion to Dismiss. Defendant should not be allowed to claim "it's not so" for the first time in a reply in support of his motion to dismiss under Rule 12(b)(6). This Court could, in its discretion, treat Defendant's reply as a motion for summary judgment, and deny that motion since Defendant provided no evidence to support it. *Dickson*, 2006 WL 3240695 at *5.

"The Federal Rules require that if, in a 12(b)(6) motion to dismiss, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *Wysocki*, 607 F.3d at 1104. Since Defendant provides no evidence to support a converted motion for summary judgment (converted upon discretion of the Court), it too should be denied. *Id.*

4

Respectfully submitted,

SOMMERMAN, McCAFFITY
& QUESADA, L.L.P.

 _/s/  **_Andrew B. Sommerman_**_____
Andrew B. Sommerman*
ATTORNEYS FOR PLAINTIFFS
Texas State Bar No. 18842150
3811 Turtle Creek Boulevard,
Suite 1400
Dallas, Texas  75219
214/720-0720 (Telephone)
214/720-0184 (Facsimile)
andrew@textrial.com

**AND**

KIRK, HUTH, LANGE
& BADALAMENTI, PLC

Raechel M. Badalamenti (P64361)
CO-COUNSEL FOR PLAINTIFFS
19500 Hall Road, Suite 100
Clinton Township, MI  48038
(586) 412-4900    Fax:  (586) 412-4949

Dated:  July 6, 2018                          rbadalamenti@khlblaw.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on July 6, 2018, the foregoing Plaintiffs' Motion for Leave to File Sur-Reply and Brief in Support was served via ECF on counsel of record who have appeared in the case.

Furthermore, on July 6, 2018, I affirm that I placed true and accurate copies of this document in First Class postage-prepaid, properly addressed, and sealed envelopes which were addressed to:  Lita Coulthart-Villanueva, ▮ Jeffries St., Anderson, CA ▮ and Kenneth G. Strawn, ▮ Cypress Lane, Mission Viejo, CA ▮.

*/s/  Andrew B. Sommerman*