**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JOEL VANGHELUWE, ET AL.,**

Plaintiffs,

v.

**GOTNEWS, LLC, ET AL.,**

Defendants.

Case No. 2:18-cv-10542-LJM-EAS

Hon. Laurie J. Michelson

Mag. Elizabeth A. Stafford

**DEFENDANT PAUL NEHLEN'S ANSWER TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY**

NOW COMES Defendant Paul Nehlen ("Nehlen"), by and through Attorney Kyle J. Bristow of Bristow Law, PLLC, and hereby propounds upon the Parties of the instant civil action and this Honorable Court Defendant Paul Nehlen's Answer to Plaintiffs' Motion for Leave to File Sur-Reply:

1. For the reasons set forth in Defendant Paul Nehlen's Brief in Support of His Answer to Plaintiff'' Motion for Leave to File Sur-Reply, Plaintiffs' Motion should be denied in its entirety. Nehlen did not raise a new legal argument within his Reply to Plaintiffs' Response to his Motion for Dismissal pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), because the Reply addresses only two of the three arguments raised in the original Motion—that dismissal is proper due to the Court lacking personal jurisdiction over Nehlen and because the Communications Decency Act affords Nehlen absolute immunity from tort claims based upon what a different Twitter user originally published online. Further, because the Court need only consider Plaintiffs' First Amended Complaint and the exhibits attached thereto when deciding Nehlen's Fed. R. Civ. P. 12(b)(6) motion, and because Nehlen did not attach any admissible evidence to Nehlen's Reply which was

not already attached to Plaintiffs' First Amended Complaint, Plaintiffs' contention that Nehlen raised a new factual dispute with Nehen's Reply is meritless.

WHEREFORE, Nehlen prays that this Honorable Court will deny Plaintiffs' Motion in its entirety.

                                      Respectfully submitted,

                                      **BRISTOW LAW, PLLC**

                                      /s/ Kyle J. Bristow
                                      Kyle J. Bristow (P77200)
                                      P.O. Box 381164
                                      Clinton Twp., MI 48038
                                      (T):  (248) 838-9934
                                      (F):  (586) 408-6384
                                      (E):  BristowLaw@gmail.com
                                      *Attorney for Paul Nehlen*

Dated:  July 7, 2018

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JOEL VANGHELUWE, ET AL.,**

Plaintiffs,

v.

**GOTNEWS, LLC, ET AL.,**

Defendants.

Case No. 2:18-cv-10542-LJM-EAS

Hon. Laurie J. Michelson

Mag. Elizabeth A. Stafford

**DEFENDANT PAUL NEHLEN'S BRIEF IN SUPPORT OF HIS ANSWER TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY**

## TABLE OF CONTENTS

I. CONCISE STATEMENT OF ISSUES PRESENTED ........ 1
II. CONTROLLING LEGAL AUTHORITIES ........ 2
III. INDEX OF AUTHORITIES ........ 3
IV. STATEMENT OF RELEVANT FACTS ........ 4
V. LAW & ARGUMENT ........ 6
A. PLAINTIFFS' SHOULD NOT BE GRANTED LEAVE TO FILE A SUR-REPLY ........ 6
1. STANDARD OF REVIEW ........ 6
2. PRINCIPAL POINT OF ARGUMENT ........ 6
VI. CONCLUSION ........ 8

## I. CONCISE STATEMENT OF ISSUES PRESENTED

1. Whether the Court should permit Plaintiffs to file a sur-reply to Nehlen's Reply to Plaintiffs' Response to Nehlen's Motion for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6).

    Plaintiffs' Response: "Yes."

    Nehlen's Response: "No."

## II. CONTROLLING LEGAL AUTHORITIES

**CASE LAW**

*Key v. Shelby County*, 551 Fed. Appx. 262 (6th Cir. 2014)................................................6

*Seay v. Tenn. Valley Auth.*, 339 F.3d 454 (6th Cir. 2003)..............................................6-7

**STATUTORY LAW**

None

**CONSTITUTIONAL LAW**

None

**COURT RULES**

None

## III. INDEX OF AUTHORITIES

**CASE LAW**

*Key v. Shelby County*, 551 Fed. Appx. 262 (6th Cir. 2014)....................................................6

*Seay v. Tenn. Valley Auth.*, 339 F.3d 454 (6th Cir. 2003)...............................................6-7

**STATUTORY LAW**

None

**CONSTITUTIONAL LAW**

None

**COURT RULES**

Fed. R. Civ. P. 12(b)(2)...........................................................................................5

Fed. R. Civ. P. 12(b)(6)........................................................................................5-7

## IV. STATEMENT OF RELEVANT FACTS

Plaintiffs are a father and son who were accused of misconduct in an article that was originally written and published on the World Wide Web by Defendant GotNews, LLC ("GotNews"). (Plaintiffs' First Amended Complaint, Dckt #12, ¶¶ 1, 6, 79-82). Jerome previously legally owned the vehicle that was used to "murder" Heather Heyer during the "Unite the Right" rally which occurred in Charlottesville, Virginia, on August 12, 2017. (Plaintiffs' First Amended Complaint, Dckt #12, ¶¶ 3, 7, 77). GotNews incorrectly alleged in the article at issue in the instant controversy that Jerome still owned the vehicle and that Joel was the perpetrator of the attack. (Plaintiffs' First Amended Complaint, Dckt #12, ¶¶ 8, 107).

The article published by GotNews resulted in death threats being made against Plaintiffs by unknown third-parties. (Plaintiffs' First Amended Complaint, Dckt #12, ¶ 108).

Plaintiffs are citizens of the State of Michigan. (Plaintiffs' First Amended Complaint, Dckt #12, ¶¶ 11-12). Nehlen is a citizen of the State of Wisconsin and is currently seeking office to be a congressman. (Plaintiffs' First Amended Complaint, Dckt #12, ¶ 34).

Plaintiffs sued Nehlen for a posting that Nehlen published on Nehlen's online Twitter profile on August 12, 2017, in which Nehlen provided readers a hyperlink to the GotNews article and stated, "BREAKING: #Charlottesville Car Terrorist Is Anti-Trump, Open Borders Druggie." (Plaintiffs' First Amended Complaint, Dckt #12, ¶ 106).

When Nehlen posted the hyperlink to the GOTNews article on his Twitter page, it was published along with automatically-generated text.[1] The text automatically posted in Nehlen's

[1] When hyperlinks to online news articles or blog posts are copied and pasted in Twitter posts for publication, the headline of the article is oftentimes automatically added to the Tweet by Twitter.

Twitter post is "BREAKING: #Charlottesville Car Terrorist Is Anti-Trump, Open Borders Druggie." (Plaintiffs' First Amended Complaint, Exhibit T, Dckt #12).

On May 30, 2018, Nehlen moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(6) on the basis that (1) the Court lacks personal jurisdiction over Nehlen as far as Michigan's long arm statute is concerned, (2) Nehlen enjoys absolute immunity for what Nehlen published on his Twitter page based upon the Communications Decency Act, and (3) Nehlen enjoys absolute immunity for what Nehlen published on his Twitter page based upon Michigan's wire service defense. (Nehlen's Motion to Dismiss, Dckt #35).

On June 20, 2018, Plaintiffs filed their Response to Nehlen's Motion to Dismiss. (Plaintiffs' Answer to Nehlen's Motion to Dismiss, Dckt. #45). In it, Plaintiffs unpersuasively address the legal issues raised within Nehlen's Motion but make representations which directly conflict with Plaintiffs' First Amended Complaint as far as the origin of "BREAKING: #Charlottesville Car Terrorist Is Anti-Trump, Open Borders Druggie" is concerned. (Plaintiffs' Answer to Nehlen's Motion to Dismiss, Dckt. #45).

On June 26, 2018, Nehlen filed his Reply to Plaintiffs' Response to Nehlen's Motion to Dismiss. (Nehlen's Reply, Dckt. #48). In it, Nehlen addresses two of the three original legal issues raised within Nehlen's original Motion—that the Court lacks personal jurisdiction over Nehlen and that Nehlen's conduct is absolutely privileged pursuant to the Communications Decency Act. (Nehlen's Reply, Dckt. #48). Additionally, Nehlen only attached exhibits to Nehlen's Reply which come directly from Plaintiffs' First Amended Complaint, and for this reason, no new factual disputes or materially different arguments were raised insofar as the Court is only to consider the four corners of Plaintiffs' First Amended Complaint as far as Nehlen's Fed. R. Civ. P. 12(b)(6) Motion is concerned. If the Court considers only Plaintiffs' First Amended

Complaint and the applicable law, it is clear that Plaintiffs have not alleged a claim against Nehlen upon which relief can be granted.

On July 6, 2018, Plaintiffs moved the Court to be permitted to file a Sur-Reply Brief on the incorrect and disingenuous basis that new arguments are purportedly being raised by Nehlen in Nehlen's Reply Brief. (Plaintiffs' Motion to File Sur-Reply Brief, Dckt. #53). However, no new legal arguments were raised within Nehlen's Reply, and since the Court can only consider the content within the four corners of Plaintiffs' First Amended Complaint as far as Nehlen's Fed. R. Civ. P. 12(b)(6) Motion is concerned and Nehlen attached no admissible evidence to Nehlen's Reply Brief that did not come from Plaintiffs' First Amended Complaint, Plaintiffs' contention that new factual arguments are being made to warrant Plaintiffs filing a sur-reply and that Nehlen's Fed. R. Civ. P. 12(b)(6) Motion should be converted to a Fed. R. Civ. P. 56 motion is meritless—if not frivolous.

## V. LAW & ARGUMENT

### A. PLAINTIFFS' SHOULD NOT BE GRANTED LEAVE TO FILE A SUR-REPLY

#### 1. STANDARD OF REVIEW

As set forth in *Key v. Shelby County*, 551 Fed. Appx. 262, 265 (6th Cir. 2014):

> Although the Federal Rules of Civil Procedure do not expressly permit the filing of surreplies, such filings may be allowed in the appropriate circumstances, especially "[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated." *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003).

#### 2. PRINCIPAL POINT OF ARGUMENT

When the facts set forth in the Statement of Relevant Facts Section of this Brief are taken into consideration with the applicable law and the Court reviews Nehlen's Motion to Dismiss, Plaintiffs' Response to Nehlen's Motion to Dismiss, and Nehlen's Reply to Plaintiffs' Motion to

Dismiss, it is clear that Plaintiffs should be denied leave to file a sur-reply to Nehlen's Reply to Plaintiffs' Response to Nehlen's Motion to Dismiss.

Nehlen did not make a new legal argument in Nehlen's Reply Brief insofar as Nehlen addressed two of the three original legal issues raised within Nehlen's original Motion—that the Court lacks personal jurisdiction over Nehlen and that Nehlen's conduct is absolutely privileged pursuant to the Communications Decency Act. (Nehlen's Reply, Dckt. #48).

Additionally, Nehlen only attached exhibits to Nehlen's Reply which come directly from Plaintiffs' First Amended Complaint, and for this reason, no new factual disputes or materially different arguments were raised insofar as the Court is only to consider the four corners of Plaintiffs' First Amended Complaint as far as Nehlen's Fed. R. Civ. P. 12(b)(6) Motion is concerned. If the Court considers only Plaintiffs' First Amended Complaint and the applicable law—as is being requested by Nehlen[2]—, it is clear that Plaintiffs have not alleged a claim against Nehlen upon which relief can be granted.

In *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481-482 (6th Cir. 2003), the Sixth Circuit noted that sur-replies are permissible when a motion per Fed. R. Civ. P. 56 is made and the movant attaches withheld evidence or makes new legal arguments in their reply brief. In the instant case, Nehlen did not file a Fed. R. Civ. P. 56 motion for summary judgment, and insofar as only Plaintiffs' First Amended Complaint is to be considered for purposes of Nehlen's Fed. R. Civ. P. 12(b)(6) Motion, Plaintiff's contention that Plaintiffs should be permitted to file a Sur-Reply is unjustified.

[2] It appears from Plaintiffs' proposed Sur-Reply that Plaintiffs would prefer that Nehlen's Fed. R. Civ. P. 12(b)(6) Motion be treated as a Fed. R. Civ. P. 56 Motion despite Nehlen not filing such a motion and Nehlen not attaching any admissible evidence as exhibits to said Motion that Plaintiffs did not already attach to Plaintiffs' First Amended Complaint. Plaintiffs have no basis in law to make this request.

If the Court reviews the Communications Decency Act, the legal authorities within Nehlen's Motion to Dismiss, and Plaintiffs' First Amended Complaint and the exhibits attached thereto, it is clear that Plaintiffs' claims against Nehlen are frivolous.

As the Court is well aware, Nehlen's Motion to Dismiss is not the only pending motion for dismissal for the instant civil action. Plaintiffs are penalizing the defendants of the instant civil action through frivolous litigation for having exercised their free speech rights on Twitter about a matter of national importance, and this is apparently motivated by political animus insofar as Plaintiffs' First Amended Complaint is replete with disparagement against the Alt-Right political philosophy and right-of-center political views. No matter how many complaints or amended complaints Plaintiffs file or responses or sur-replies Plaintiffs send to the Court or what Plaintiffs' attorney tells newspaper reporters about the case[3] or publishes on Plaintiffs' attorney's website[4] in attempt to win in the court of public opinion, Plaintiffs' claims against Nehlen are destined to fail in this court of law—and fail they must based upon binding Sixth Circuit case law as cited within Nehlen's Motion to Dismiss.

## VI. CONCLUSION

For the reasons set forth herein, the Court should not grant Plaintiffs leave to file a sur-reply.

---

[3] https://www.redding.com/story/news/local/2017/11/10/dallas-law-firm-sue-anderson-woman-over-charlottesville-tweet/852682001/;
https://www.freep.com/story/news/local/michigan/2017/08/13/michigan-man-charlottesville-attack/563312001/; http://thehill.com/homenews/news/346900-man-misidentified-as-charlottesville-driver-by-far-right-sites-in-hiding-report;
http://money.cnn.com/2017/08/16/media/charlottesville-man-misidentified-plans-lawsuit/index.html

[4] https://www.textrial.com/justice-clients-got-news-disreputable-sites-sued-fake-news/; https://www.textrial.com/andrew-sommerman-cnns-man-misidentified-charlottesville-driver-flee-home-plans-sue-far-right-sites/; https://www.textrial.com/attorney-says-hell-go-alt-right-websites-falsely-blamed-michigan-man-attorney-andrew-sommerman-takes-alt-right-news/

        Respectfully submitted,

        **BRISTOW LAW, PLLC**

        /s/ Kyle J. Bristow
        Kyle J. Bristow (P77200)
        P.O. Box 381164
        Clinton Twp., MI 48038
        (T):  (248) 838-9934
        (F):  (586) 408-6384
        (E):  BristowLaw@gmail.com
        *Attorney for Paul Nehlen*

Dated:  July 7, 2018

**CERTIFICATE OF SERVICE**

I, Kyle J. Bristow, affirm that I am an attorney of record for a party to the above-captioned civil action, and on July 7, 2018, I electronically filed this document upon the Clerk of the Court by using the Court's Electronic Filing System, which should send notification of said filing to all attorneys of record who are registered to receive such electronic service.

Furthermore, on July 7, 2018, I affirm that I placed true and accurate copies of this document in First Class, postage-prepaid, properly addressed, and sealed envelopes and in the United States Mail located in City of Mt. Clemens, Macomb County, State of Michigan, which were addressed to: Lita Coulthard-Villanueva, 1543 Jeffries Ave., Anderson, CA 96007, and Kenneth Strawn, 23874 Cypress Ln., Mission Viejo, CA 92691.

/s/ Kyle J. Bristow

Kyle J. Bristow (P77200)
P.O. Box 381164
Clinton Twp., MI 48038
(T): (248) 838-9934
(F): (586) 408-6384
(E): BristowLaw@gmail.com
*Attorney for Paul Nehlen*

Dated: July 7, 2018