# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| JOEL VANGHELUWE, et al., | Case No.: 2:18-cv-10542-LJM-EAS |
| Plaintiffs, | Hon. Laurie J. Michelson |
| v. | Mag. Elizabeth A. Stafford |
| GOTNEWS, LLC, *et. al.* | |
| Defendants. | |

## DEFENDANT GOTNEWS, LLC's
## REPLY IN SUPPORT OF ANTI-SLAPP MOTION
## (Evaluated under Fed. R. Civ. P. 56)

Andrew B. Sommerman
SOMMERMAN, MCCAFFITY
  & QUESADA, L.L.P.
3811 Turtle Creek Blvd., Ste. 1400
Dallas, TX 75219
andrew@textrial.com

Raechel M. Badalamenti
KIRK, HUTH, LANGE
  & BADALAMENTI, PLC
19500 Hall Road, Suite 100
Clinton Township, MI 48038
rbadalamenti@khlblaw.com

*Attorneys for Plaintiffs*
*Joel Vangheluwe & Jerome Vangheluwe*

Marc J. Randazza
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Tel: (702) 420-2001
ecf@randazza.com

Herschel P. Fink (Reg. # P13427)
JAFFE RAIT HEUER & WEISS, P.C.
Grand Park Centre Building
28 W. Adams Ave., Suite 1500
Detroit, MI 48226
Tel: (313) 800-6500
hfink@jaffelaw.com

*Attorneys for Defendants*
*GotNews, LLC & Charles C. Johnson*

# **TABLE OF CONTENTS**

1.0    PUBLIC RECORDS LINK JOEL VANGHELUWE TO THE VEHICLE .......................... 2

2.0    THE CALIFORNIA ANTI-SLAPP STATUTE IS APPLICABLE IN FEDERAL COURT................................................................................................................. 4

3.0    THERE WERE NO FALSE STATEMENTS OF FACT..................................................... 5

4.0    DEFENDANT DID NOT INTENTIONALLY INFLICT EMOTIONAL DISTRESS ...... 6

5.0    CONCLUSION ............................................................................................................. 7

# INDEX OF AUTHORITIES

**CASES**

*Black v. Dixie Consumer Prods. LLC*,
  835 F.3d 579 (6th Cir. 2016) ............................................................................................. 1, 4

*Bothuell v. Grace*, No. 16-11009,
  2017 U.S. Dist. LEXIS 32194 (E.D. Mich. Feb. 16, 2017) ............................................ 5

*CareToLive v. FDA*,
  631 F.3d 336 (6th Cir. 2011) ............................................................................................. 1

*Detroit Free Press, Inc. v. Oakland Cty. Sheriff*,
  164 Mich. App. 656 (1987) ............................................................................................... 6

*Faryen v. United Machining Inc.*, No. 14-14664,
  2016 U.S. Dist. LEXIS 127368 (E.D. Mich. Aug. 16, 2016) ......................................... 2

*Ganesh v. United States*,
  658 F. App'x 217 (6th Cir. 2016) ..................................................................................... 2

*Howe v. Detroit Free Press*,
  219 Mich. App. 150 (1996) ............................................................................................... 4

*Kahl v. Bureau of Nat'l Affairs, Inc.*,
  856 F.3d 106 (D.C. Cir. 2017) .......................................................................................... 1

*Makaeff v. Trump University, LLC*,
  715 F.3d 254 (9th Cir. 2013) ............................................................................................. 4

*Makaeff v. Trump University, LLC*,
  736 F.3d 1180 (9th Cir. 2013) ........................................................................................... 4

*Melson v. Botas*,
  497 Mich. 1037 (2015) ....................................................................................................... 6

*Meyer v. Hubbell*,
  117 Mich. App. 699 (1982) ............................................................................................... 7

*Miller v. Davis*,
  653 F. App'x 448 (6th Cir. 2016) ..................................................................................... 5

*Richland Bookmart, Inc. v. Knox Cty., Tenn.*,
 555 F.3d 512 (6th Cir. 2009) ................................................................................. 2

*Rouch v. Enquirer & News*,
 427 Mich. 157, 220, 398 N.W.2d 245 (1986) ....................................................... 3

*Sharif v. Sharif*, No. 10-10223,
 2010 U.S. Dist. LEXIS 86853 (E.D. Mich. Aug. 24, 2010) ............................... 5

*State v. Brooks*,
 1 N.C. App. 590, 162 S.E.2d 45 (1968) ................................................................ 6

## STATUTES

Mich. Comp. Law, § 600.2911 .................................................................................... 3

Ohio Rev. Code Ann. § 4503.182 ............................................................................... 3

## OTHER AUTHORITIES

Restatement (Second) of Torts, § 652D ..................................................................... 5

## RULES

Fed. R. Civ. P. 56 ....................................................................................................... 1, 2

## DEFEDANT GOTNEWS, LLC's
## REPLY IN SUPPORT OF ANTI-SLAPP MOTION

"My car when I turn 16." Joel Vangheluwe is suing GotNews for believing him. Nothing in the opposition should lead the Court to deny the motion. The Plaintiff, Joel Vangheluwe, is wrong when he claims that the Anti-SLAPP statute is procedural. It has procedural components, none of which apply in federal court, and none of which are invoked here. The only *substantive* rights invoked are an immunity from suit (protected by interlocutory appeal) and shifting attorneys' fees. Plaintiff invokes a D.C. District Court case, interpreting the D.C. Anti-SLAPP statute, to try to avoid the impact of Anti-SLAPP immunity. However, this is a case invoking the *California* Anti-SLAPP law. The Ninth Circuit has recognized for decades that the law's substantive portions apply in federal court; the Sixth Circuit Court of Appeals acknowledged this. *See Black v. Dixie Consumer Prods. LLC*, 835 F.3d 579, 584 (6th Cir. 2016) (majority and dissent recognize the California statute creates a substantive right).

*Procedurally*, this is a motion for summary judgment — as is made clear in the motion. There is no impediment to a grant of summary judgment at this point — as the factual record is sufficient to resolve the case as a matter of law.[1] And, in cases where First Amendment rights are at stake, it is not just appropriate, but encouraged, that courts should expeditiously dispense with the claims. *See, e.g., Kahl v. Bureau of Nat'l Affairs, Inc.*, 856 F.3d 106, 109 (D.C. Cir. 2017) ("To preserve First Amendment

---

[1] Although Plaintiff argues there has been inadequate time for discovery (Opposition at 9 n. 2), he never made a proper request under Fed. R. Civ. P. 56(d). "Rule 56(d) recognizes that there are instances when a party lacks the necessary facts to properly contest a summary judgment motion. However, the party must at least specify what information it is missing." *CareToLive v. FDA*, 631 F.3d 336, 345 (6th Cir. 2011) (also observing the requirement of an affidavit as to what is needed).

freedoms and give reporters, commentators, bloggers, and tweeters (among others) the breathing room they need to pursue the truth, the Supreme Court has directed courts to expeditiously weed out unmeritorious defamation suits.").

As a matter of *fact* Defendant cannot dispute that it made an error — it misidentified Mr. Vangheluwe as the driver of the Charlottesville Challenger. However, Michigan (and California) law both give breathing room to the press and allow it some margin of error without liability. That margin is wider when, as in this case, the error was made reasonably, made relying on public records, and was expeditiously corrected once the error came to Defendant's attention.[2] Therefore, the Court should grant the anti-SLAPP motion.

**1.0    Public Records Link Joel Vangheluwe to the Vehicle**

To try to avoid the dispositive fair report privilege, Plaintiff argues that there is no public record stating he was a murder, but Defendant does not make that argument. The Ohio and Michigan public records make clear that the vehicle that killed Heather

---

[2] Plaintiff makes certain evidentiary objections to everything but Defendant's Exhibits 2 & 12.  *See* Opposition, Dkt. No. 58, at 9 n.3.  As to the foundation and hearsay objections, Plaintiff fails to assert that such material could not "be presented in a form that would be admissible in evidence." *Ganesh v. United States*, 658 F. App'x 217, 220 (6th Cir. 2016) quoting Fed. R. Civ. P. 56(c)(2).  Thus, the objections fail.  *See Faryen v. United Machining Inc.*, No. 14-14664, 2016 U.S. Dist. LEXIS 127368, at *13 n.2 (E.D. Mich. Aug. 16, 2016).  As to the relevancy objection, Plaintiff fails to set forth how Defendant's citations to those exhibits in its motion do not support the propositions for which they are cited.  For example, Plaintiff objects to Exhibit 13, which is the excerpted transcript of the video that accompanied Exhibit 12, to which there is no objection.  Moreover, where a plaintiff "merely dispute[s] the relevance" of proffered evidence, such "fails to create a genuine issue of material fact to survive summary judgment." *Richland Bookmart, Inc. v. Knox Cty.*, Tenn., 555 F.3d 512, 524 (6th Cir. 2009).

Heyer was the same vehicle that had been owned by Plaintiff's father. *See* Dkt. Nos. 40-5 & 50-7; Dkt. No. 58 at 17 (Plaintiff conceding it was the vehicle). The Ohio records identify the VIN of the car. Dkt. No. 50-5. And, the State of Michigan still reports Jerome Vangheluwe as the owner. Dkt. No. 50-7. Defendant's article was based on the information from those records,[3] and Plaintiff does not show it was unreasonable for Defendant to rely on them. Plaintiff purports to present expert testimony that Michigan records would not reflect an out-of-state sale. Dkt. No. 58-4. Though that may be a defect in Michigan's record-keeping practices, Plaintiff fails to cite to any statute, regulation, or other matter wherein the public would be aware that the records were unreliable. Though it may be unusual for a Michigan titled vehicle to have an Ohio registration, Plaintiff and Ms. Barrett ignore Ohio Rev. Code Ann. § 4503.182(c) that explicitly permits it.

Neither was it unreasonable to use that information, in conjunction with Plaintiff publicly calling the vehicle "my car" to assume he was the operator that day. Dkt. No. 12-1 at 4. Although relying on the 4Chan user came with the "risk [to] the publisher" if the public record turns out to not say what the user said it did, the Michigan documents did show Jerome Vangheluwe was the owner of record. *Rouch v. Enquirer & News*, 427 Mich. 157, 220, 398 N.W.2d 245, 273 (1986). Such was a "fair and true report of matters of public record." Mich. Comp. Law, § 600.2911(3). Defendant did not publish the information with actual malice; the corroborating

---

[3] Although Plaintiff contests this assertion, the article itself refers to "license plate searches." Dkt. No. 12-1 at 2.

record was set forth on 4Chan, even though it ultimately was proven incorrect. Thus, the fair report privilege protects the reporting.[4]

## 2.0  The California Anti-SLAPP Statute is Applicable in Federal Court

Plaintiff's pronouncement that "the Ninth Circuit has found the California Anti-SLAPP Statute to be procedural, not substantive" is profoundly false. Dkt. No. 58 at 12. Plaintiff relies upon Judge Kozinski's concurrence in *Makaeff v. Trump University, LLC*, 715 F.3d 254 (9th Cir. 2013) for the proposition that the California Anti-SLAPP statute should not apply in Federal Court. Strikingly absent is any discussion of the *en banc* decision of the Ninth Circuit rejecting Judge Kozinski's invitation to overturn its decades of precedent. *See Makaeff v. Trump University, LLC*, 736 F.3d 1180 (9th Cir. 2013). In fact, a four-judge concurrence deemed Judge Kozinski's position as "based on a misreading of Supreme Court precedent," and reaffirming that "anti-SLAPP statutes like California's confer substantive rights under *Erie*." *Id.* at 1181 & 1184. The Sixth Circuit approved of the treatment of California's (and other states') anti-SLAPP statutes as conferring substantive immunity, and this Court should follow that guidance. *Black v. Dixie Consumer Prods. LLC*, 835 F.3d 579, 584 (6th Cir. 2016).

Defendant invoked dépeçage to the extent Michigan common law governs the issue of liability, and California law governs substantive immunity. Plaintiff attempts to circumvent the application of *Sharif v. Sharif*, No. 10-10223, 2010 U.S. Dist. LEXIS

---

[4] Plaintiff also disputes that the Wire Service Defense applies. Although Defendant is not physically "local," the basis for the defense was not geography. *Howe v. Detroit Free Press*, 219 Mich. App. 150 (1996). Rather, its purpose is to protect smaller outlets when they republish news from a large outlet. Plaintiff does not dispute that GotNews is a smaller outlet or that 4Chan is substantially larger. How GotNews received and republished the information from 4Chan is functionally equivalent to the traditional wire service.

86853, at *11-12 (E.D. Mich. Aug. 24, 2010) in which it was deemed that the defendant's state's anti-SLAPP law applies by focusing on the author of the article. Dkt. No. 58 at 16-17. This is improperly shifting the goalposts. Plaintiff sued GotNews, the publisher, not the author. GotNews is a California citizen (Dkt. No. 12 at 5 ¶ 15), and cannot be deprived of its substantive immunity from this type of suit.

Plaintiff attempts to argue that the publication was not on an issue of public concern. Dkt. No. 58 at 17. The Sixth Circuit has recognized that "within the scope of legitimate public concern are matters of the kind customarily regarded as 'news.' … Authorized publicity includes publications concerning homicide and other crimes, arrests, police raids … and many other similar matters of genuine, even if more or less deplorable, popular appeal." *Miller v. Davis*, 653 F. App'x 448, 459 (6th Cir. 2016) quoting Restatement (Second) of Torts, § 652D cmt. g. The matter, the news, was on a homicide and terrorism event. Just as arrests and police raids, *i.e.* government information that can identify a criminal, may involve innocent parties, so, too, is reporting on public records about the vehicle involved in such a crime. Joel Vangheluwe may not have previously been of public concern, but the records about his car, the one that killed Heather Heyer, certainly were.

**3.0   There were No False Statements of Fact**

In his Amended Complaint, Plaintiff does not identify the precise language he claims to have been false. *See, generally,* Dkt. No. 12. Now he does, but in doing so, he takes what was published out of context. Dkt. No. 58 at 18–21. Under Michigan law, "'truth' means only substantial truth, not literal truth." *Bothuell v. Grace*, No. 16-11009, 2017 U.S. Dist. LEXIS 32194, at *11-12 (E.D. Mich. Feb. 16, 2017). It was

substantially true that the public records (termed a "license plate search," as the VIN was found from the license plate and Jerome Vangheluwe was found from the VIN, which led to the discovery of Joel's social media) identified Joel Vangheluwe as the likely operator of the vehicle, who publicly declared it was to be his car.[5] We now know that was not the case, and Defendant promptly retracted it when new information was revealed, without being asked. But the information was substantially accurate when published. As a result, neither the defamation nor the false light claim has merit.[6]

## 4.0    Defendant Did Not Intentionally Inflict Emotional Distress

Plaintiff's opposition focuses solely on the second prong of the four-part test in *Melson v. Botas*, 497 Mich. 1037, 1037-38 (2015). *See* Dkt. No. 58 at 30. As discussed above, it cannot be deemed "reckless" to rely on the public records and Plaintiff's social media postings to draw the reasonable, though ultimately inaccurate, conclusion that he was the likely motorist. Plaintiff does not address the first prong, under which Defendant cannot have engaged in extreme or outrageous conduct by circulating

---

[5]   Plaintiff also takes issue with being characterized as a "druggie," even though he specifically invoked the hashtag "#stoned" in social media. Dkt. No. 12-1 at 5. Thus, "druggie" was an apt interpretation. *See State v. Brooks*, 1 N.C. App. 590, 591, 162 S.E.2d 45, 46 (1968) ("However, in Webster's Third New International Dictionary (1968) the word 'stoned' is the past tense of 'stone,' and one of the meanings of the verb 'stone' is 'to make numb or insensible (as from drinks or narcotics).'")

[6]   Further, Plaintiff ignores the actual malice requirement for the false light claim. *See Detroit Free Press, Inc. v. Oakland Cty. Sheriff*, 164 Mich. App. 656, 666 (1987). Defendant's reliance on the Ohio and Michigan records, along with Plaintiff's own social media, may have resulted in error, but there is no basis to suggest it was with knowledge of falsity or with reckless disregard for the truth. Plaintiff's suggestion that Defendant "obviously just made up the story to fit its political agenda" is belied by the documentary sources and the fact of immediate, unprompted retraction. Dkt. No. 58 at 29.

public information. *See Meyer v. Hubbell*, 117 Mich. App. 699, 708 (1982). Nor does he address the causation prong—since GotNews did not publish Plaintiff's contact information, the threats he received, causing his alleged distress, were not proximately caused by Defendant. Thus, Plaintiff cannot prevail on his emotional distress claim.

### 5.0     Conclusion

It is unfortunate that Joel Vangheluwe was misidentified based on records the State of Michigan failed to update. Once new information came to light, Defendant rectified that with a retraction. No one thinks Joel killed Heather Heyer. The only person perpetuating the matter, to punish Defendant for its exercise of its free speech, is Plaintiff. He should have dismissed the case once he saw the records; instead, he has continued pursuing a futile claim at his, Defendant's, and the Court's expense. The Court should grant Defendant's anti-SLAPP motion and dismiss the remaining claims with prejudice.

Dated: July 31, 2018

Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza
RANDAZZA LEGAL GROUP, PLLC

Herschel P. Fink (Reg. # P13427)
JAFFE RAIT HEUER & WEISS, P.C.

*Attorneys for Defendants GotNews, LLC & Charles C. Johnson*

Case No. 2:18-cv-10542-LJM-EAS

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 31, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

                                              Respectfully Submitted,

                                              Employee,
                                              Randazza Legal Group, PLLC