UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Joel Vangheluwe and Jerome Vangheluwe,<br><br>   *Plaintiffs*,<br><br> v.<br><br>GotNews, LLC, Freedom Daily, LLC, Charles C. Johnson, Alberto Waisman, Jeffrey Rainforth, Jim Hoft, David Petersen, Jonathan Spiel, Shirley Husar, Eduardo Doitteau, Lita Coulthart-Villanueva, Kenneth Strawn, Patrick Lehnhoff, Beth Eyestone, Lori Twohy, Raechel Hitchye, James Christopher Hastey, Christopher Jones, Connie Comeaux, Gavin McInnes, Richard Weikart, Paul Nehlen, The Nevada Business Consortium, Inc., and John Doe<br><br>   *Defendants*. | Case No. : 2:18-cv-10542-LJM-EAS<br><br>Hon. Laurie J. Michelson<br>Mag. Elizabeth A. Stafford |

### PLAINTIFF'S RESPONSE TO MOTION FOR DISMISSAL OF DEFENDANT KENNETH STRAWN

  COMES NOW Plaintiff Joel Vangheluwe, by and through his attorneys, responds to Defendant's motion to dismiss. Plaintiff respectfully requests this Court deny Defendant's motion for the reasons set forth in the accompanying brief. In short, there is no evidence that Defendant Strawn suffers a disability/autism and in the alternative, a diagnosis of autism does not entitle Defendant to immunity from his tortious actions.

1

## BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

I.     **Introduction**

Defendant Strawn fails to articulate a single, legally-cognizable reason for dismissal of the claims against him. Defendant's ground for dismissal is limited to Defendant's autism diagnosis. There is no offered proof of autism. Moreover, autism is not a legal ground for dismissal.[1] Defendant asks this Court to completely absolve him of any liability due to his alleged limitations and lack of judgment, yet utterly fails to cite any facts or case law recognizing Defendant's autism nor any legitimate ground for dismissal. Therefore, this Court should deny Defendant's Motion to Dismiss.

II.    **Factual Background**

This case is about a father and son who were falsely accused of assault, terrorism, conspiracies, murder, and racially charged violence in a targeted campaign by alt-right media.

---

[1] *See Williams v. Hays*, 143 N.Y. 442, 454, 38 N.E. 449, 453 (1894) (holding that an individual with a mental illness was liable for his tortious actions); *Barylski v Paul*, 38 Mich App 614, 615; 196 NW2d 868, 869 (1972) ("The great weight of authority is that an insane person is civilly liable for his torts […]").

Defendant has presented no evidence that a diagnosis of autism rises to the level of a "mental illness" or results in mental incapacity or mental incompetence. Plaintiff does not seek to characterize individuals with autism as mentally ill or mentally incapacitated. Plaintiff only seeks to address Defendant's baseless claims that his diagnosis of autism results in his immunity from tort liability.

On August 12, 2017, the Vangheluwe family was hosting a wedding at their home in Michigan for a family member. During that wedding the Vangheluwes' social media, emails, and text messages became overwhelmed with messages and posts.

Earlier that day, a terror attack occurred in Charlottesville, Virginia, when an individual drove his car through counter-protestors at a "Unite the Right" rally. One person was murdered, Heather Heyer, and others seriously injured.

Defendants targeted the Vangheluwes as political pawns in a "doxing" campaign, shifting the blame from alt-right extremists to an innocent 20-year-old boy who never owned or drove the car in question. "Doxing" is "the Internet-based practice of broadcasting private or identifiable about an individual or organization." *Nelson v. Superior Court*, B283743, 2018 WL 1061575, at *2 (Cal. Ct. App. Feb. 27, 2018), as modified on denial of reh'g (Mar. 27, 2018).

In this case, Defendants published false statements about Plaintiffs and circulated (1) their identities, (2) their home address in Michigan, (3) Joel Vangheluwe's email address, (4) photographs of Joel Vangheluwe, (5) the name of Joel Vangheluwe's high school in Michigan, (6) Joel Vangheluwe's Facebook postings, (7) Joel Vangheluwe's Instagram postings, and (8) the Vehicle Identification Number for the vehicle previously owned by Jerome Vangheluwe in

Michigan. This was done with the specific objective of causing harm to and endangering the Plaintiffs in Michigan.

GotNews, LLC, a self-proclaimed Alt-Right news outlet, published an article falsely naming twenty-year-old Michigan resident Joel Vangheluwe as the driver of the vehicle and the perpetrator of the terror attack. At the time of the attack, Joel Vangheluwe was attending his cousin's wedding in Michigan. GotNews posted the names, photographs and personal information of Joel and his father Jerome Vangheluwe, incorporating various pieces of personal information about them which clearly was intended to result in action against these individuals in their home state of Michigan.

The other Defendants, including Defendant Strawn, falsely claimed that Jerome Vangheluwe owned the vehicle at the time it ran down protestors in Charlottesville. Defendants published falsely that the car was currently registered in Michigan to Joel Vangheluwe. They then linked Joel Vangheluwe's Facebook with a caption stating that Joel would receive the car when he was sixteen (which is not true). Defendants falsely accused Joel Vangheluwe of being the perpetrator of the attack.

In fact, Jerome Vangheluwe legally sold the vehicle in question years earlier in Michigan. The vehicle was sold several more times before it came into the possession of the man actually arrested for the attack.

Defendants attempted to convince readers that Joel had a political agenda when the terrorist attack on American soil occurred though nothing could be further from the truth. The torrent of accusations against the Vangheluwes accomplished the over-arching goal of the alt-right media to distract their readers into believing the attack was made by someone other than a member of the alt-right movement. This was ultimately untrue, as just hours after the terror attack the actual suspect was apprehended by police and charged with second-degree murder, malicious wounding and failure to stop in an accident that resulted in death. He has been linked with alt-right groups.

The flood of misinformation and "troll storm" on Twitter and other social media websites contained Plaintiffs full names and stated that they resided in Michigan for the clear intended purpose of causing injury to both Joel and Jerome Vangheluwe in Michigan. As a direct result of Defendants' actions, the Plaintiffs received death threats and were urged by Michigan State Police to leave their home for fear of their safety. The injury to their reputations and business aspirations is astronomical. With no regard to the consequences, the Defendants branded Joel Vangheluwe a terrorist.

Defendant Kenneth Strawn operates the Twitter handle @strawn_04. 101. Defendant Kenneth Strawn published this statement from his handle on Twitter:

"Yes, it's #OhioGVF1111 and the driver's name is Joel VanGheluwe [sic]. His Facebook is loaded with anti-Trump, pro-globalist rhetoric."[2]

### III. Argument & Authorities

Defendant Strawn's Motion for Dismissal is void of any reason to dismiss Plaintiff's claims against him. Defendant presents no evidence that he has been diagnosed with autism. However, even if this was the case, individuals with autism can still be held accountable under the law for their tortious actions. Therefore, this Court should deny Defendant's Motion for Dismissal.

A. <u>Defendant Provides No Evidence of an Autism Diagnosis.</u>

Throughout his motion, Defendant states he is autistic. However, nowhere in the motion does Defendant provide an exhibit, affidavit, or any other piece of evidence showing that he is, in fact, autistic. Defendant failed to present any competent evidence of the existence of an autism diagnosis/disability, and that failure alone renders his motion deficient.

Further, Defendant does not even make clear whether his motion to dismiss arises Rule 12(b), Rule 12(c) or Rule 56 of the Federal Rules of Civil Procedure. Thus, Defendant fails to "state with particularity the grounds for seeking the order" of dismissal, in violation of Rule 7(b)(1)(B). "The purpose of the particularity requirement in Rule 7 is to afford notice of the grounds and prayer of the motion to

---

[2] Exhibit A (Kenneth Strawn Twitter post)

both the court and to the opposing party, providing that party with a meaningful opportunity to respond and the court with enough information to process the motion correctly." *Registration Control Sys, Inc v Compusystems, Inc*, 922 F.2d 805, 807 (Fed Cir, 1990). Defendant's motion lacks any particularity.

Furthermore, because Defendant asks this Court to consider matters outside the pleadings, the motion should be treated as one for summary judgment under Rule 56. FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Defendant presents the "fact" of his autism without supporting any of his factual positions with admissible evidence. Therefore, if treated as a motion for summary judgment under Rule 56, Defendant's motion should be denied for failing to present any competent evidence supporting the "defense" claimed by Defendant. FED. R. CIV. P. 56.

B. <u>A Diagnosis of Autism Does Not Render an Individual Immune from Liability.</u>

Assuming arguendo that Defendant is autistic, this does not shield him from liability for his actions. Defendant refers to his diagnosis of autism as "a neurodevelopmental, rather than a psychiatric, disorder." (Defendant's Motion for Dismissal of Kenneth Strawn, p. 3). Throughout his three-page motion, he relies on his diagnosis to imply he cannot be held liable for his tortious actions because he cannot form the requisite intent. However, the law has long recognized that "[o]ne

who has deficient mental capacity is not immune from tort liability solely for that reason." Restatement (Second) of Torts § 895J (1979). *See also Braley v. Midland County Educ. Services Agency*, 06-11990-BC, 2007 WL 3332859, at *6 (E.D. Mich. Nov. 8, 2007) ("Simply stated, the great weight of authority is that an insane person is civilly liable for his torts. Indeed, this proposition appears to be relatively well-settled American common law") (internal citations omitted).

Defendant cites an article from the Michigan Council on Autism to support his statement that he "is unable to form the requisite intent for any of the claims of Plaintiff against him." (Defendant's Motion for Dismissal of Kenneth Strawn, p. 3); The Michigan Autism Council, Education Based Evaluations for Autism Spectrum Disorder, https://www.michigan.gov/documents/autism/Education-Based_Evaluations_for_ASD_9-9-15_-_FINAL_500699_7.pdf, (published September 9, 2015). However, the article does not make any reference to the tort liability attributable to individuals with autism, and in fact, only makes a passing reference to "intent":

> Evidence of impairment in social or emotional reciprocity may include, but is not limited to […] Seemingly rude statements to others without filter or negative intent.

*Id.* at 7-8.

Defendant cites no precedential case law to suggest individuals with autism are incapable of forming the intent required to commit the acts Defendant committed

8

with respect to his defamatory statements. This is because "[t]he rule that mental disability is no defense to a tort action has been followed by a nearly unbroken line of cases. The mentally disabled are held liable for most of their torts, both intentional and negligent." Harry J.F. Korrell, The Liability of Mentally Disabled Tort Defendants, 19 Law & Psychol. Rev. 1, 4–5 (1995) ("The list of cases applying the current rule is long. Older cases include *McIntyre v. Sholty*, 13 N.E. 239 (Ill. 1887); *Williams v. Hays*, 38 N.E. 449 (N.Y. 1894); *McGuire v. Almy*, 8 N.E.2d 760 (Mass. 1917); *Kusah v. McCorkle*, 170 P. 1023 (Wash. 1918); *Seals v. Snow*, 254 P. 348 (Kan. 1927); *Sforza v. Green Bus Lines, Inc.*, 268 N.Y.S. 446, 448 (1934); *Van Vooren v. Cook*, 75 N.Y.S.2d 362, 366 (1947); *Mullen v. Bruce*, 335 P.2d 945 (Cal. App. 1959). The newer cases include *Delahanty v. Hinkley*, 799 F. Supp. 184 (D.D.C. 1992); *Williams v. Kearby*, 775 P.2d 670 (Kan. App. 1989); *Goff v. Taylor*, 708 S.W.2d 113 (Ky. 1986); *Turner v. Caldwell*, 421 A.2d 876 (Conn. Super. Ct. 1980); *Schumann v. Crofoot*, 602 P.2d 298 (Or. 1979); *Banks v. Dawkins*, 339 So. 2d 566 (Miss. 1976); *Kaczer v. Marrer*, 324 So. 2d 717 (Fla. App. 1976); *Vosnos v. Perry*, 357 N.E.2d 614 (Ill. App. 1976); *Jolley v. Powell*, 299 So. 2d 647 (Fla. App. 1974)").

    C. <u>Defendant's Actions Constitute Defamation Per Se.</u>

Defendant does not deny he published the defamatory statement accusing Plaintiff Joel Vangheluwe of committing the terror attack in Charlottesville—a

9

statement proven to be false. Joel is a private individual, not a public official. Yet the statement was published and read by countless individuals on the internet. The statements naming Joel as a terrorist clearly tend to injure his reputation and his financial interests. The actions of Defendant Strawn, therefore, constitute defamation per se under Michigan law.[3]

### IV.    Conclusion

Defendant's Motion fails to provide this Court with a single coherent reason Plaintiff's claims against Defendant Strawn should be dismissed, aside from Defendant's diagnosis of autism and that "[i]t is a shame that Strawn, who absolutely cannot afford it, has to expend money from his social security, to pay counsel to file an unnecessary motion to dismiss him from the case." (Defendant's Motion to Dismiss, p. 2). His diagnosis cannot be used as a shield to protect the Defendant from the consequences of his tortious actions. Such a holding would not only cut against centuries of case law, but would also signal a degrading policy to individuals with autism: that their diagnosis hinders them from any capacity to understand the consequences of their actions. Therefore, this Court should deny Defendant's Motion to Dismiss.

---

[3] Plaintiff continues to assert two other causes of action against Defendant Strawn: (1) Intentional Infliction of Emotional Distress; and (2) Invasion of Privacy: False Light.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | SOMMERMAN, McCAFFITY, QUESADA & GEISLER, L.L.P. |
|  | /s/ *Andrew B. Sommerman* |
|  | Andrew B. Sommerman* |
|  | Texas State Bar No. 18842150 |
|  | 3811 Turtle Creek Boulevard, Suite 1400 |
|  | Dallas, Texas 75219 |
|  | andrew@textrial.com |
|  | **AND** |
|  | KIRK, HUTH, LANGE & BADALAMENTI, PLC |
|  | Raechel M. Badalamenti (P64361) |
|  | CO-COUNSEL FOR PLAINTIFFS |
|  | 19500 Hall Road, Suite 100 |
|  | Clinton Township, MI 48038 |
|  | (586) 412-4900   Fax: (586) 412-4949 |
| Dated: January 31, 2019 | rbadalamenti@khlblaw.com |

11

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that on January 31, 2019, the foregoing document was served via ECF on counsel of record who have appeared in the case.

    Furthermore, on January 31, 2019, I affirm that I placed true and accurate copies of this document in First Class postage-prepaid, properly addressed, and sealed envelopes which were addressed to: Jeffrey Rainforth, ▮ H. St., Apt. ▮, Sacramento, CA ▮ and Lita Coulthart-Villanueva, ▮ Jeffries St., Anderson, CA ▮.

                                                      /s/ *Andrew B. Sommerman*
                                                       Andrew B. Sommerman