UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOEL VANGHELUWE and<br>JEROME VANGHELUWE,<br><br>    Plaintiffs,<br><br>v.<br><br>GOT NEWS, LLC, *et al.*,<br><br>    Defendants. | Case No. 18-cv-10542<br>Honorable Laurie J. Michelson<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING STRAWN'S MOTION TO DISMISS [90]**

In August 2017, a Dodge Challenger plowed into a group of counter-protesters during a "Unite the Right" rally in Charlottesville, Virginia. One person was killed; many were injured. In the wake of that tragedy, Kenneth Strawn, who is autistic, tweeted: "Yes, it's #OhioGVF1111 and the driver's name is Joel VanGheluwe [*sic*]. His Facebook is loaded with anti-Trump, pro-globalist rhetoric." (ECF No. 12, PageID.454.) As it turned out, this was wrong. The driver of the Dodge Challenger was not Joel Vangheluwe.

Strawn was far from the only one to misidentify Joel Vangheluwe as the driver. Indeed, many people on social media and several online-news entities claimed that either Joel, or his father Jerome Vangheluwe, was the Charlottesville driver.

As a result of these misidentifications, Joel and Jerome received threats that forced them from their home. So Joel and Jerome brought this case against twenty individuals and two online-news entities. Strawn is one of the named defendants.

Strawn asks this Court to dismiss him from this case. Referring to Defendant GotNews' early summary-judgment motion, Strawn says that he "accepts the statement of facts and Motion

To Dismiss [*sic*] (particularly as it relies on California law) as set forth by Defendant Got News." (ECF No. 90, PageID.1318.) It is not apparent to the Court that GotNews and Strawn are similarly situated such that GotNews' defenses would work for Strawn. But in any event, the Court has denied GotNews' motion.

Strawn (or, more precisely, his counsel) says that he should be dismissed for a second reason: he is autistic and thus "has difficulties communicating" and "difficulties understanding when people communicate to him." (ECF No. 90, PageID.1317.) Strawn (again through counsel) further states that he is incapable of "form[ing] the requisite intent for any of the claims [that the Vangheluwes assert] against him." (ECF No. 90, PageID.1317.)

The Court is not convinced. In support of his claim that he could not have formed the state of mind necessary to defame the Vangheluwes, to put them in a false light, or to inflict emotional distress, Strawn's counsel merely cites facts about autism generally. None of the quoted materials are about Strawn's autism specifically. There is not even an affidavit from Strawn or anyone who knows his functioning well. And generally speaking, those with autism have a range of functioning. WebMD Medical Reference, https://wb.md/2sfCNkC (Nov. 12, 2018) ("Autism spectrum disorders include social, communication, and behavioral challenges. These problems can be mild, severe, or somewhere in between."). While the Court by no means intends to minimize Strawn's limitations, the current record, Strawn's social media activity, and his participation in the case prior to obtaining counsel (*see* ECF Nos. 25, 26), do not permit the Court to conclude as a matter of law that Strawn could not have formed the intent necessary to commit even one of the three torts asserted by the Vangheluwes. Strawn's motion to dismiss is thus DENIED. Also, his motion to appoint counsel (ECF No. 26) is DENIED AS MOOT.

Now that Strawn has counsel, the Court urges all counsel to engage in a meaningful meet and confer in an attempt to reach a resolution of the Vangheluwes' case against Strawn.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: February 6, 2019

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 6, 2019.

s/William Barkholz
Case Manager to
Honorable Laurie J. Michelson
