# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| Joel Vangheluwe and Jerome Vangheluwe<br><br>*Plaintiff*,<br><br>v.<br><br>GotNews, LLC, Freedom Daily, LLC, Charles C. Johnson, Alberto Waisman, Jeffrey Rainforth, Jim Hoft, David Petersen, Jonathan Spiel, Shirley Husar, Eduardo Doitteau, Lita Coulthart-Villanueva, Kenneth Strawn, Patrick Lehnhoff, Beth Eyestone, Lori Twohy, Raechel Hitchye, James Christopher Hastey, Christopher Jones, Connie Comeaux, Gavin McInnes, Richard Weikart, and Paul Nehlen,<br><br>*Defendants*. | Case No. :  2:18-cv-10542-LJM-EAS |

## JOINT CASE MANAGEMENT REPORT/DISCOVERY PLAN

In accordance with the Court's Amended Order to Attend Telephone Scheduling Conference and Notice of Requirements for Submission of Discovery Plan [Doc. 103], Defendant Charles Johnson, by and through Attorney Marc Randazza; Defendant Kenneth Strawn, by and through Attorney Lynn Shecter; and Jerome Vangheluwe and Joel Vangheluwe (collectively "Plaintiffs"), by and through Attorney Andrew B. Sommerman, and file this Joint Case Management

Report/Discovery Plan.   GotNews instructed Mr. Randazza and Mr. Fink to withdraw, and their motion to withdraw is pending, and as a result, it did not contribute to this plan, but as Mr. Randazza remains counsel of record and otherwise participated as counsel for Mr. Johnson, Got News  has viewed this plan and does not object to its filing.  Defendants Rainforth and Coulthart-Villanueva would not participate in the preparation of this Joint Case Management Report.

## 1.  Related Cases.

The parties are unaware of any pending matters, in this court or another court that are related to this matter.

## 2.  Jurisdiction.

Jurisdiction exists in this Honorable Court pursuant to 28 U.S.C. § 1332 and the Constitution and Laws of the United States.  Plaintiffs alleged that Defendants specifically and purposefully targeted residents of the State of Michigan, with full knowledge and intent that the effects of their actions would be felt in the State of Michigan, and thereby purposefully availed themselves of the jurisdiction of this Honorable Court. *See, e.g., Calder v. Jones,* 465 U.S. 783 (1984).  Plaintiffs allege that Defendants did not commit "mere untargeted negligence." *Id.* at 789. Plaintiffs allege that Defendants singled Plaintiffs out, published statements about them on the internet identifying them as residents of Michigan to intentionally cause harm to them in Michigan and thereby formed sufficient contact with Michigan

through their actions. *See Alahverdian v Nemelka*, 2015 WL 5004886 (S.D. Ohio, August 24, 2015); Specifically, Plaintiffs allege that Defendants created and participated in a doxing campaign specifically targeted at Michigan citizens, with a call to action in Michigan with the goal of inciting violence against and endangering them in Michigan. Plaintiffs aver that their damages exceed the jurisdictional threshold of $75,000 under 28 U.S.C. § 1332 and their damages occurred in the state of Michigan.

Plaintiffs allege that each of the Defendants falsely identified the ownership of the car in question as belonging to a Michigan resident. Plaintiffs allege Defendants falsely stated the vehicle in question was owned by Jerome Vangheluwe or Joel Vangheluwe. Plaintiffs contend the State of Michigan Secretary of State website stated that Jerome Vangheluwe sold this car years ago. Therefore, Plaintiffs assert the nexus of this case was allegedly correct information on and through the Michigan Secretary of State, which is the Michigan governmental entity responsible for documenting vehicle ownership. It was the alleged false use of information obtained through the state of Michigan that Plaintiffs assert is the nexus of Defendants' allegedly defamatory comments.

The Michigan long-arm statute governing limited personal jurisdiction over individuals, Mich. Comp. Laws §600.705, has been interpreted as conferring upon Michigan courts the "maximum scope of personal jurisdiction permitted by the Due

Process Clause of the Fourteenth Amendment." *MLS Nat. Med. Evaluation Services, Inc. v. Templin*, 812 F. Supp. 2d 788, 795 (E.D. Mich. 2011).

### 3. Venue.

Plaintiffs assert that venue is proper in this Honorable Court pursuant to the provisions of 28 U.S.C. §1391(a)(2), because they claim a substantial part of the events and omissions giving rise to the claim occurred in the Eastern District of Michigan.

### 4. Factual Summary.

**Plaintiffs' Factual Contentions.** On August 12, 2017, a Dodge Challenger was driven into a crowd of counter-protestors at a "Unite the Right" rally in Charlottesville, Virginia. The terror attack resulted in the death of Heather Heyer, a 32-year-old Charlottesville legal assistant. Nineteen others were injured in the attack. Within hours of the terror attack, James Fields Jr., an individual from Ohio, was apprehended by police and charged with second-degree murder, malicious wounding and failure to stop in an accident that resulted in death.

The same day, Defendant GotNews LLC ("GotNews") falsely reported Joel Vangheluwe, a Michigan resident, as the domestic terrorist who drove a Dodge Challenger into a crowd of counter-protestors at a "Unite the Right" rally in Charlottesville, Virginia. The GotNews article, written by John Doe, led with a picture of Joel Vangheluwe pulled from his Instagram account, and is headlined:

"BREAKING: #Charlottesville Car Terrorist Is Anti-Trump, Open Borders Druggie."

The subheading stated: "Evidence indicates a left-winger mowed down antifa counter-protestors in Charlottesville, not a right-winger or white nationalist, GotNews can exclusively reveal." GotNews cited Facebook pages and a license plate search to support its accusations, stating: "License plate searches of the 2010 Dodge Challenger that killed one and injured nearly 20 in Charlottesville found that the vehicle was registered to Jerome Vangheluwe of Michigan. A Facebook crawl of his relatives reveals the car was in the possession of his son, Joel." The article incorporated a picture of the mobile version of Joel Vangheluwe's LinkedIn account, which included such personal information as his full name, picture, current location, and where and when he attended high school. The article alleged: "Joel likes taking drugs and getting stoned, a look at his social media shows. What [sic] he under the influence when he crashed into the crowd at Charlottesville?" Screenshots of Joel Vangheluwe's Facebook and Instagram pages also accompanied the article. Defendant Charles C. Johnson is the creator and CEO of Defendant GotNews, LLC.

The Dodge Challenger that struck the crowd of counter-protesters at the rally was not titled to any member of the Vangheluwe family at the time of the incident. The car passed through several owners between the time Mr. Vangheluwe sold the vehicle, which was several years ago, and the day of the rally. After the defamatory

information was posted on the internet by GotNews and the other Defendants, the Vangheluwes began receiving countless anonymous threats. Michigan State police were notified, and the family was warned to leave their home. The threats caused the Vangheluwes to fear for their safety and well-being. Clients of Jerome Vangheluwe's business also became fearful after the online threats.

Likewise, Defendants Strawn, Coulthart-Villanueva, and Rainforth issued their own defamatory statements similar to those issued by GotNews. Such defamatory statements are outlined in Plaintiffs' pleadings.

**Defendants Charles C. Johnson's and GotNews, LLC's Factual Contentions.** Mr. Randazza stated that he and Mr. Fink have been terminated as counsel for Got News, LLC and have filed a Motion to Withdraw as Counsel of Record for Got News, LLC [Doc. 107] and that said Defendant intends to file bankruptcy in the immediate future via alternate counsel. Mr. Randazza stated he had been instructed to take no further action in this case on behalf of Defendant Got News, LLC, and Plaintiffs had otherwise accepted offers of judgment from Defendant Charles C. Johnson and Johnson and the Plaintiffs have exchanged a draft settlement agreement to resolve all claims between them. Therefore, Mr. Randazza was ethically prohibited from contributing to the conference on behalf of GotNews, and given the resolution of the claims against Johnson, had nothing to add. To the

extent required, those defendants incorporate by reference the factual assertions previously set forth in Got News's anti-SLAPP motion (Dkt. No. 50).

**Defendant Kenneth Strawn's Factual Contentions.**   Strawn challenges jurisdiction as he has not personally availed himself of any act of doing business in Michigan. Strawn also challenges liability as his autism creates dissonance between himself and others, a lack of perspective, a difficulty with premeditation, and the effect of damage to social interaction resulting from the impaired ability to react appropriately in relational contexts. Regardless of intellectual capacity, people with autism generally have poor social awareness, and inadequate understanding of nonverbal communication.  Strawn, who requires a job coach and has no regular employment, would, in the unlikely event of liability, be unable to pay any judgment.  Strawn would also hope to be able to employ an expert witness in the area of autism.

**5.  Legal Issues.**

**Plaintiffs' Statement of Legal Issues**. On November 6, 2017, counsel for Plaintiffs sent requests for retraction letters to each of the above-named Defendants. The retraction letter demanded a full and unqualified retraction pursuant to Mich. Comp. Laws Ann. § 600.2911(b) and allowed Defendants a reasonable amount of time to do so. Jerome and Joel Vangheluwe experienced serious and severe emotional and physical distress as a result of the Defendants' defamatory statements

and suffered harm to their reputations, lost earnings, and other pecuniary loss. Defendant GotNews did not issue a proper retraction.

**Disputed Legal Issues.**

1) Plaintiffs seek entry of accepted offers of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. Defendants dispute the calculation of the interest on the judgments, however, the Court may not need to resolve this with respect to Johnson, as the parties have exchanged a first draft of a settlement agreement and are expected to settle the matter by April 15, 2019.

2) Defendant Got News has also filed an interlocutory appeal of this Court's denial of Defendant's Motion for Summary Judgment and Defendants generally assert that Plaintiffs are not entitled to relief for the reasons set forth therein. Plaintiff disputes that Defendant is entitled to such an interlocutory appeal and also opposes Defendant's appeal on the merits.

3) To the extent he is required to do so, Defendant Charles C. Johnson incorporates by reference the disputed legal issues set forth at page 9 of the prior Joint Conference Report (Dkt. No. 101).

**6. Amendment of Pleadings.**

**Plaintiffs' position.**   Plaintiffs foresee the need to amend these pleadings. Specifically, Defendant Strawn has recently produced a denial of coverage letter

from his homeowner's policy that raises issues that could be resolved simply with amended pleadings, thus providing coverage to Defendant Strawn.

**7. Discovery.**

**A. Subjects of Discovery**

The Plaintiffs anticipate that the subjects on which discovery may be needed include, but are not limited to the following:

(1) GotNews's corporate structure;

(2) GotNews's authors, writers, editors and reporters involved in this story;

(3) GotNews's sources and vetting practices;

(4) GotNews's editing and fact-checking practices;

(5) GotNews's sources used to produce GotNews story in question;

(6) Charles Johnson's role in GotNews and his role in this story;

(7) The editing of the article in question;

(8) The identity of each source of information used to create the article in question;

(9) Kenneth Strawn's publication of his defamatory statement;

(10) The information relied upon by Kenneth Strawn before publishing the defamatory statement;

(11) Lita Coulthart-Villanueva's defamatory statement;

(12) The information relied upon by Lita Coulthart-Villanueva in making her defamatory statement;

(13)   Jeffrey Rainforth's defamatory statement; and

(14)   The information relied upon by Jeffrey Rainforth in publishing his defamatory statement.

To the extent necessary, Defendants Charles C. Johnson and Got News, LLC, incorporate those subjects identified on page 11 of the prior Joint Conference Report (Dkt. No. 101).

The parties also anticipate that expert discovery will be required.

**B.  Changes to Limitations on Discovery**

The parties agree to the limitations set by the Federal Rules of Civil Procedure are appropriate for this case. The plaintiffs believe that discovery need not be conducted in phases or limited to particular issues.

**C.  Each Party's Three Key Witnesses to Be Deposed First & Documents to Produce up Front.**

Plaintiffs intend to depose Charles Johnson, Kenneth Strawn, Lita Coulthart-Villanueva, and Jeffrey Rainforth.

Defendant Got News and Charles C. Johnson have made no determination as to whether they will take any depositions and reserve the right to depose any person identified in Got News's initial disclosures.

**D.  Existing Document Requests**

There are document requests for Defendant Strawn's medical records. Future documents requests will be made.

**E. Need for Protective Order or a Confidentiality Order.**

Plaintiffs do not believe there is a need for a Protective Order or Confidentiality Order.

Defendant Charles C. Johnson believes a Confidentiality Order may be required. He and Got News, at all relevant times, were engaged in the field of journalism, with confidential sources protected under the First Amendment and state reporters' shield laws. Further, they are parties to certain agreements containing confidentiality obligations. To the extent they may be required to participate in discovery and disclose such protected information or otherwise disclose proprietary information, a Confidentiality Order limiting such disclosure is required.

**8. Electronic Discovery.**

The parties agree that any electronically stored information will be produced in PDF, to the extent practicable.

**9. Settlement.**

The parties are amenable to pursuing settlement before an ADR Judge, including but not limited to, the magistrate judge assigned to this case, under Local

Rule 72.1(a)(2)(E).  The Plaintiffs are amenable to an early settlement conference.

The parties are also amenable to private mediation.

### 10. Consent.

The parties consent to the jurisdiction of a United States Magistrate Judge as

provided in 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

### 11. Trial.

The parties demand a jury trial. The parties estimate the length of trial to be

approximately five (5) court days.

### 12. Miscellaneous.

There are no miscellaneous issues at this time.

Respectfully submitted,

**SOMMERMAN, McCAFFITY, QUESADA & GEISLER, L.L.P.**

/s/ Andrew B. Sommerman
Andrew B. Sommerman
3811 Turtle Creek Blvd., Ste. 1400
Dallas, TX 75219
(T):  (214) 720-0720
(F):  (214) 720-0184
(E):  andrew@textrial.com
*Attorneys for Jerome Vangheluwe and Joel Vangheluwe*

**RANDAZZA LEGAL GROUP, PLLC**

/s/ Marc J. Randazza
Marc J. Randazza
2764 Lake Sahara Dr., Suite 109
Las Vegas, NV  89117
(T):  (702) 420-2001
(E):  ecf@randazza.com
*Attorneys for Charles C. Johnson*

**ROY, SHECTER & VOCHT**

/s/ Lynn H. Shecter
Lynn H. Shecter
707 S. Eton St.
Birmingham, MI  48009
(T):  (248) 540-7660
(F):  (248-540-0321
(E):  shecter@rsmv.com
*Attorneys for Kenneth Strawn*

## **CERTIFICATE OF SERVICE**

I, Andrew B. Sommerman, affirm that I am an attorney of record for a party to the above-captioned civil action, and on April 12, 2019 I electronically filed this document upon the Clerk of the Court by using the Court's Electronic Filing System, which should send notification of said filing to all attorneys of record and parties who are registered to receive such electronic service.

Furthermore, on April 12, 2019, I affirm that I placed true and accurate copies of this document in First Class postage-prepaid, properly addressed, and sealed envelopes which were addressed to:  Lita Coulthart-Villanueva, ▮ Jeffries St., Anderson, CA ▮ and Jeffrey Rainforth, ▮ H. St., Apt. ▮, Sacramento, CA ▮.

/s/ Andrew B. Sommerman