## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| Joel Vangheluwe and Jerome Vangheluwe, | |
| *Plaintiffs*, | Case No. :  2:18-cv-10542-LJM-EAS |
| v. | Hon. Laurie J. Michelson |
| GotNews, LLC, Freedom Daily, LLC, Charles C. Johnson, Jeffrey Rainforth, David Petersen, Jonathan Spiel, Shirley Husar, Eduardo Doitteau, Lita Coulthart-Villanueva, Kenneth Strawn, James Christopher Hastey, Connie Comeaux, | Mag. Elizabeth A. Stafford |
| *Defendants*. | **DEMAND FOR JURY TRIAL** |

## SECOND AMENDED COMPLAINT

Plaintiffs, JOEL VANGHELUWE and JEROME VANGHELUWE (collectively referred to as "Plaintiffs" herein) hereby allege as follows:

## INTRODUCTION

1.      This case is about a father and son who were falsely accused of assault, terrorism, conspiracies, murder, and racially charged violence in a targeted campaign by alt-right media.

2.      On August 12, 2017, the Vangheluwe family was hosting a wedding at their home in Michigan for a family member. During that wedding the Vangheluwes' social media, emails, and text messages became overwhelmed with messages and posts.

1

3.    Earlier that day, a terror attack occurred in Charlottesville, Virginia, when an individual drove his car through counter-protestors at a "Unite the Right" rally. One person was murdered, Heather Heyer, and others seriously injured.

4.    Defendants targeted the Vangheluwes as political pawns in a "doxing" campaign, shifting the blame from alt-right extremists to an innocent 20-year-old boy who never owned or drove the car in question.  "Doxing" is "the Internet-based practice of broadcasting private or identifiable about an individual or organization." *Nelson v. Superior Court*, B283743, 2018 WL 1061575, at *2 (Cal. Ct. App. Feb. 27, 2018), as modified on denial of reh'g (Mar. 27, 2018).

5.    In this case, Defendants published false statements about Plaintiffs and circulated (1) their identities, (2) their home address in Michigan, (3) Joel Vangheluwe's email address, (4) photographs of Joel Vangheluwe, (5) the name of Joel Vangheluwe's high school in Michigan, (6) Joel Vangheluwe's Facebook postings, (7) Joel Vangheluwe's Instagram postings, and (8) the Vehicle Identification Number for the vehicle previously owned by Jerome Vangheluwe in Michigan. This was done with the specific objective of causing harm to and endangering the Plaintiffs in Michigan.

6.    GotNews, LLC, a self-proclaimed Alt-Right news outlet, published an article falsely naming twenty-year-old Michigan resident Joel Vangheluwe as the driver of the vehicle and the perpetrator of the terror attack. At the time of the attack,

Joel Vangheluwe was attending his cousin's wedding in Michigan. GotNews posted the names, photographs and personal information of Joel and his father Jerome Vangheluwe, incorporating various pieces of personal information about them which clearly was intended to result in action against these individuals in their home state of Michigan.

7.     The other Defendants falsely claimed that Jerome Vangheluwe owned the vehicle at the time it ran down protestors in Charlottesville. Defendants published falsely that the car was currently registered in Michigan to Joel Vangheluwe. They then linked Joel Vangheluwe's Facebook with a caption stating that Joel would receive the car when he was sixteen (which is not true). Defendants falsely accused Joel Vangheluwe of being the perpetrator of the attack.

8.     In fact, Jerome Vangheluwe legally sold the vehicle in question years earlier in Michigan. The vehicle was sold several more times before it came into the possession of the man actually arrested for the attack.

9.     Defendants attempted to convince readers that Joel had a political agenda when the terrorist attack on American soil occurred though nothing could be further from the truth. The torrent of accusations against the Vangheluwes accomplished the over-arching goal of the alt-right media to distract their readers into believing the attack was made by someone other than a member of the alt-right movement. This was ultimately untrue, as just hours after the terror attack the actual

3

suspect was apprehended by police and charged with second-degree murder, malicious wounding and failure to stop in an accident that resulted in death. He has been linked with alt-right groups.

10.     The flood of misinformation and "troll storm" on Twitter, which has an office in Michigan,[1] and other social media websites contained Plaintiffs full names and stated that they resided in Michigan for the clear intended purpose of causing injury to both Joel and Jerome Vangheluwe in Michigan.  As a direct result of Defendants' actions, the Plaintiffs received death threats and were urged by Michigan State Police to leave their home for fear of their safety. The injury to their reputations and business aspirations is astronomical. With no regard to the consequences, the Defendants branded Joel Vangheluwe a terrorist.

## **THE PARTIES**

11.     Plaintiff Joel Vangheluwe is a citizen of Michigan.

12.     Plaintiff Jerome Vangheluwe is a citizen of Michigan.

13.     Defendant Got News, LLC, is a California limited liability company with its principal place of business in Sacramento, California. Got News, LLC has been served, answered, and is properly before this Court. According to documents available through the California Secretary of State, the members of Got News, LLC are (a) Charles Johnson, a citizen of California and (b) Bernadette Hapsari, a citizen

---

[1] https://careers.twitter.com/en/locations/detroit.html

of California. Accordingly, GotNews, LLC is a citizen of California.  *See* [Doc. 4] (citing *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

14.     Defendant Freedom Daily, LLC, is a Nevada limited liability company. It has been served, but has not answered or otherwise appeared before this Court. A default has been entered as to Defendant Freedom Daily, LLC. [Doc. 75]. According to documents available through the Nevada Secretary of State, the only member of Freedom Daily, LLC is Nevada Business Consortium, Inc., a Nevada Corporation with its principal place of business in Nevada.  Accordingly, Freedom Daily, LLC is a citizen of Nevada. *See* [Doc. 4] (citing *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

15.     Defendant Charles C. Johnson is an individual and citizen of California. He is the creator and editor of GotNews, LLC. He has been served and both Plaintiffs accepted offers of judgment as to Defendant Charles C. Johnson. [Docs. 32, 33].

16.     Defendant Jeffrey Rainforth is an individual and citizen of California. He is listed as a contributor to articles for freedomdaily.com. Defendant Rainforth has been served, answered, and appeared before this Court.

17.     Defendant David Petersen is an individual and citizen of California. He operates the news website, Twitter handle and Facebook page entitled "Puppet String News." Defendant Petersen has been served.  A default has been entered as to Defendant David Petersen.  [Doc. 70].

18.     Defendant Jonathan Spiel (known online as "Jon Masters") is an individual and citizen of Oregon. Defendant Spiel operates the YouTube channel and website "Studio News Network." He has been served. A default has been entered against Defendant Jonathan Spiel. [Doc. 73].

19.     Defendant Shirley Husar is an individual and citizen of California. She is the co-founder/CEO of Story.com and a columnist for the *Washington Times*. She has been served. A default has been entered against Defendant Shirley Husar. [Doc. 74].

20.     Defendant Eduardo Doitteau is an individual and citizen of California. He operates the Twitter handle @ed_doitteau. Defendant Doitteau has been served.

21.     Defendant Lita Coulthart-Villanueva is an individual and citizen of California. She operates the Twitter handle @clitav. Defendant Coulthart-Villanueva has been served and appeared before this Court.

22.     Defendant Kenneth Strawn is an individual and citizen of California. He operates the Twitter handle @strawn_04. Defendant Kenneth Strawn has been served, answered, and is properly before this Court.

23.     Defendant James Christopher Hastey is an individual and citizen of Texas. He operates the Twitter handle @ChrisHastey. He has been served. A default has been entered against Defendant James Christopher Hastey. [Doc. 72].

24.     Defendant Connie Comeaux is an individual and citizen of Arkansas.

She operates the Twitter handle @ConnieComeaux. Defendant Comeaux has been served. A default has been entered against Defendant Connie Comeaux.  [Doc. 69].

## JURISDICTION AND VENUE

25.     Jurisdiction exists in this Honorable Court pursuant to 28 U.S.C. § 1332 and the Constitution and Laws of the United States.  Defendants specifically and purposefully targeted residents of the State of Michigan, with full knowledge and intent that the effects of their actions would be felt in the State of Michigan, and thereby purposefully availed themselves of the jurisdiction of this Honorable Court. *See, e.g., Calder v. Jones,* 465 U.S. 783 (1984).  Defendants did not commit "mere untargeted negligence."   *Id.* at 789. Defendants singled Plaintiffs out, published statements about them on the internet identifying them as residents of Michigan to intentionally cause harm to them in Michigan and thereby formed sufficient contact with Michigan through their actions.  *See Alahverdian v Nemelka*, 2015 WL 5004886 (S.D. Ohio, August 24, 2015);   Specifically, Defendants created and participated in a doxing campaign specifically targeted at Michigan citizens, with a call to action in Michigan with the goal of inciting violence against and endangering them in Michigan. This method of malicious targeting is well-established in the extreme alt-right community. *See Tanya Gersh v. Andrew Anglin,* pending in the United States District Court for the District of Montana, Case No. 9:17-cv-00050-DLC-JLC, Complaint for Invasion of Privacy, Intentional Infliction

of Emotional Distress, and Violations of the Anti-Intimidation Act.  Plaintiffs aver that their damages exceed the jurisdictional threshold of $75,000 under 28 U.S.C. § 1332 and their damages occurred in the state of Michigan.

26.    Each of the Defendants falsely identified the ownership of the car in question as belonging to a Michigan resident.  Defendants falsely stated the vehicle in question was owned by Jerome Vangheluwe or Joel Vangheluwe. The truth was stated on the State of Michigan Secretary of State website that Jerome Vangheluwe sold this car years ago.  Therefore, the nexus of this case was correct information on and through the Michigan Secretary of State, which is the Michigan governmental entity responsible for documenting vehicle ownership.  It was the false use of information allegedly obtained through the state of Michigan that is the nexus of Defendants' defamatory comments.

27.    The Michigan long-arm statute governing limited personal jurisdiction over individuals, Mich. Comp. Laws §600.705, has been interpreted as conferring upon Michigan courts the "maximum scope of personal jurisdiction permitted by the Due Process Clause of the Fourteenth Amendment." *MLS Nat. Med. Evaluation Services, Inc. v. Templin*, 812 F. Supp. 2d 788, 795 (E.D. Mich. 2011).

28.    Venue is proper in this Honorable Court pursuant to the provisions of 28 U.S.C. §1391(a)(2), because a substantial part of the events and omissions giving rise to the claim occurred in the Eastern District of Michigan.

8

29.     **Defendant Got News, LLC and Charles Johnson**. Defendant Got News, LLC is an alt-right media outlet. Charles Johnson is the Gotnews.com founder and editor-in-chief.[2] Some of the journalism "tips" listed on the Got News, LLC website include:

- Pick a target.  There's no story if there's no "who" or "what."

- **Make chaos**.  The more chaos, the more your Black Swan out of the box style thinking will work.

- Eschew politically correct explanation of complex phenomena.

- Content is king but distribution is key. Build networks of like-minded researchers.[3]

Defendant Got News, LLC and Defendant Charles Johnson made a defamatory statement that they knew would have a potentially devastating impact upon the Plaintiffs, and he knew that the brunt of that injury would be felt by the Plaintiffs in Michigan – the state where Plaintiffs live and work. Under these circumstances, Defendant Got News, LLC and Defendant Charles Johnson reasonably anticipated being haled into court in Michigan to answer for the truth of the statements made.

30.     Defendant Got News, LLC and Defendant Charles Johnson deliberately availed themselves of the jurisdiction of Michigan courts. To further the alt-right

---

[2] http://gotnews.com/about/
[3] http://gotnews.com/research-tips-tools/

agenda, Defendant Got News, LLC and Defendant Charles Johnson created this defamatory story to further fuel the alt-right movement by targeting Michigan residents and distributing their identity to the alt-right network. Defendant Got News, LLC and Defendant Charles Johnson purposely availed themselves of the privilege of acting in Michigan though their website, because their website is interactive to a degree that reveals they specifically intended interaction with residents of Michigan. Defendant Got News, LLC intentionally committed a tortious act which was expressly aimed for dissemination in Michigan, and the brunt of the effects of those actions were felt within Michigan. Defendant Got News, LLC's and Defendant Charles Johnson's defamatory statements – discussed in more detail below – were in further support of their alt-right political platform. They knowingly targeted a Michigan resident, as the article stated Joel Vangheluwe lived in Michigan, the car was registered in Michigan, and Joel Vangheluwe went to high school in Michigan.

31.    **Defendant Freedom Daily, LLC and Defendant Jeffrey Rainforth**. Defendant Freedom Daily, LLC and Defendant Jeffrey Rainforth regularly write articles directed at Michigan about events in Michgian. In fact, the Freedom Daily, LLC website previously contained a Michigan section, but such section has been deleted as of the time of the filing of this complaint. Defendant Freedom Daily, LLC and Defendant Jeffrey Rainforth made a defamatory statement that they knew would

have a potentially devastating impact upon the Plaintiffs, and they knew that the brunt of that injury would be felt by the Plaintiffs in Michigan – the state where Plaintiffs live and work. Under these circumstances, Defendant Freedom Daily, LLC and Defendant Jeffrey Rainforth reasonably anticipated being haled into court in Michigan to answer for the truth of the statements made. Defendant Freedom Daily, LLC and Defendant Jeffrey Rainforth deliberately availed themselves of the jurisdiction of Michigan courts. To further the alt-right agenda, Defendant Freedom Daily, LLC and Defendant Jeffrey Rainforth propagated their defamatory story to further fuel the alt-right movement by targeting Michigan residents and distributing their identity to the alt-right network. Defendant Freedom Daily, LLC and Defendant Jeffrey Rainforth purposely availed themselves of the privilege of acting in Michigan though their website, because its website is interactive to a degree that reveals they specifically intended interaction with residents of Michigan. Defendant Freedom Daily, LLC and Defendant Jeffrey Rainforth intentionally committed a tortious act which was expressly aimed for dissemination in Michigan, and the brunt of the effects of those actions were felt within Michigan. Defendant Freedom Daily, LLC's and Defendant Jeffrey Rainforth's defamatory statements – discussed in more detail below – were in further support of their alt-right political platform. They knowingly targeted a Michigan resident, as the article stated Joel Vangheluwe lived in Michigan and Joel Vangheluwe went to high school in Michigan.

32.  **Defendant David Peterson.**  Defendant David Peterson operates the news website, Twitter handle and Facebook page entitled "Puppet String News." Defendant David Peterson made a defamatory statement that he knew would have a potentially devastating impact upon the Plaintiffs, and he knew that the brunt of that injury would be felt by the Plaintiffs in Michigan – the state where Plaintiffs live and work. Under these circumstances, Defendant David Peterson reasonably anticipated being haled into court in Michigan to answer for the truth of the statements made.

33.  Defendant David Peterson deliberately availed himself of the jurisdiction of Michigan courts. To further the alt-right agenda, Defendant David Peterson propagated this defamatory story to further fuel the alt-right movement by targeting a Michigan resident and distributing his identity and Michigan home address to the alt-right network.  Defendant David Peterson purposely availed himself of the privilege of acting in Michigan though his website, because his website is interactive to a degree that reveals he specifically intended interaction with residents of Michigan. Specifically, he included the home address of the Vangheluwe family.  Defendant David Peterson intentionally committed a tortious act which was expressly aimed for dissemination in Michigan, and the brunt of the effects of those actions were felt within Michigan. Defendant David Peterson's defamatory statements – discussed in more detail below – were in further support of

the alt-right political platform. He knowingly targeted a Michigan resident, as the article stated Joel Vangheluwe lived in Michigan, Joel Vangheluwe went to high school in Michigan, and further included the home address of the Vangheluwes.

34.  **Defendant Jonathan Spiel.** Defendant Jonathan Spiel operates the YouTube channel and website "Studio News Network."  Defendant Jonathan Spiel regularly writes articles directed at Michigan about events occurring in Michigan. Defendant Jonathan Spiel made a defamatory statement that he knew would have a potentially devastating impact upon the Plaintiffs, and he knew that the brunt of that injury would be felt by the Plaintiffs in Michigan – the state where Plaintiffs live and work. Under these circumstances, Defendant Jonathan Spiel reasonably anticipated being haled into court in Michigan to answer for the truth of the statements made.

35.  Defendant Jonathan Spiel deliberately availed himself of the jurisdiction of Michigan courts. To further the alt-right agenda, Defendant Jonathan Spiel propagated this defamatory story to further fuel the alt-right movement by targeting a Michigan resident and distributing his identity and Michigan home address to the alt-right network.  Defendant Jonathan Spiel purposely availed himself of the privilege of acting in Michigan though his website, because his website is interactive to a degree that reveals he specifically intended interaction with residents of Michigan. Specifically, he included the home address of the Vangheluwe family.

13

Defendant Jonathan Spiel intentionally committed a tortious act which was expressly aimed for dissemination in Michigan, and the brunt of the effects of those actions were felt within Michigan. Defendant Jonathan Spiel's defamatory statements – discussed in more detail below – were in further support of the alt-right political platform. He knowingly targeted a Michigan resident, as the article stated Joel Vangheluwe lived in Michigan and Joel Vangheluwe went to high school in Michigan.

36.   **Defendant Shirley Husar.** Defendant Shirley Husar is the co-founder/CEO of Story.com and a columnist for the *Washington Times*. Defendant Shirley Husar made a defamatory statement that she knew would have a potentially devastating impact upon the Plaintiffs, and she knew that the brunt of that injury would be felt by the Plaintiffs in Michigan – the state where Plaintiffs live and work. Under these circumstances, Defendant Shirley Husar reasonably anticipated being haled into court in Michigan to answer for the truth of the statements made.

37.   Defendant Shirley Husar deliberately availed herself of the jurisdiction of Michigan courts. To further the alt-right agenda, Defendant Shirley Husar propagated this defamatory story to further fuel the alt-right movement by targeting a Michigan resident and distributing his identity and Michigan home address to the alt-right network.  Defendant Shirley Husar purposely availed herself of the privilege of acting in Michigan though her website, because her website is interactive to a

degree that reveals she specifically intended interaction with residents of Michigan. Specifically, she included the home address of the Vangheluwe family.   Defendant Shirley Husar intentionally committed a tortious act which was expressly aimed for dissemination in Michigan, and the brunt of the effects of those actions were felt within Michigan. Defendant Shirley Husar's defamatory statements – discussed in more detail below – were in further support of the alt-right political platform. He knowingly targeted a Michigan resident, as the article stated Joel Vangheluwe lived in Michigan, Joel Vangheluwe went to high school in Michigan, and further included the home address of the Vangheluwes.

38.    **Defendant Eduardo Doitteau.** Defendant Eduardo Doitteau made a defamatory statement that he knew would have a potentially devastating impact upon the Plaintiffs, and he knew that the brunt of that injury would be felt by the Plaintiffs in Michigan – the state where Plaintiffs live and work. Under these circumstances, Defendant Eduardo Doitteau reasonably anticipated being haled into court in Michigan to answer for the truth of the statements made.

39.    Defendant Eduardo Doitteau deliberately availed himself of the jurisdiction of Michigan courts. To further the alt-right agenda Defendant Eduardo Doitteau propagated this defamatory story to further fuel the alt-right movement by targeting a Michigan resident and distributing his identity and to the alt-right network.  Defendant Eduardo Doitteau purposely availed himself of the privilege of

acting in Michigan though his website, because his website is interactive to a degree that reveals he specifically intended interaction with residents of Michigan. Specifically, he included the home address of the Vangheluwe family.   Defendant Eduardo Doitteau intentionally committed a tortious act which was expressly aimed for dissemination in Michigan, and the brunt of the effects of those actions were felt within Michigan. Defendant Eduardo Doitteau's defamatory statements – discussed in more detail below – were in further support of the alt-right political platform. He knowingly targeted a Michigan resident, as the article stated Joel Vangheluwe lived in Michigan and Joel Vangheluwe went to high school in Michigan.

40.    **Defendant Lita Coulthart-Villanueva.** Defendant Lita Coulthart-Villanueva made a defamatory statement that she knew would have a potentially devastating impact upon the Plaintiffs, and she knew that the brunt of that injury would be felt by the Plaintiffs in Michigan – the state where Plaintiffs live and work. Under these circumstances, Defendant Lita Coulthart-Villanueva reasonably anticipated being haled into court in Michigan to answer for the truth of the statements made.

41.    Defendant Lita Coulthart-Villanueva deliberately availed herself of the jurisdiction of Michigan courts. To further the alt-right agenda Defendant Lita Coulthart-Villanueva propagated this defamatory story to further fuel the alt-right movement by targeting a Michigan resident and distributing his identity and to the

16

alt-right network.  Defendant Lita Coulthart-Villanueva purposely availed herself of the privilege of acting in Michigan though her website, because his website is interactive to a degree that reveals she specifically intended interaction with residents of Michigan. Specifically, she included the home address of the Vangheluwe family.  Defendant Lita Coulthart-Villanueva intentionally committed a tortious act which was expressly aimed for dissemination in Michigan, and the brunt of the effects of those actions were felt within Michigan. Defendant Lita Coulthart-Villanueva's defamatory statements – discussed in more detail below – were in further support of the alt-right political platform. She knowingly targeted a Michigan resident, as the article stated Joel Vangheluwe lived in Michigan and Joel Vangheluwe went to high school in Michigan.

42.    **Defendant Kenneth Strawn.** Defendant Kenneth Strawn made a defamatory statement that he knew would have a potentially devastating impact upon the Plaintiffs, and he knew that the brunt of that injury would be felt by the Plaintiffs in Michigan – the state where Plaintiffs live and work. Under these circumstances, Defendant Kenneth Strawn reasonably anticipated being haled into court in Michigan to answer for the truth of the statements made.

43.    Defendant Kenneth Strawn deliberately availed himself of the jurisdiction of Michigan courts. To further the alt-right agenda Defendant Kenneth Strawn propagated this defamatory story to further fuel the alt-right movement by

targeting a Michigan resident and distributing his identity and to the alt-right network. Defendant Kenneth Strawn purposely availed himself of the privilege of acting in Michigan though his website, because his website is interactive to a degree that reveals he specifically intended interaction with residents of Michigan. Defendant Kenneth Strawn intentionally committed a tortious act which was expressly aimed for dissemination in Michigan, and the brunt of the effects of those actions were felt within Michigan. Defendant Kenneth Strawn's defamatory statements – discussed in more detail below – were in further support of the alt-right political platform. He knowingly targeted a Michigan resident, as the article stated Joel Vangheluwe lived in Michigan and Joel Vangheluwe went to high school in Michigan.

44.     **Defendant James Christopher Hastey.** Defendant James Christopher Hastey made a defamatory statement that he knew would have a potentially devastating impact upon the Plaintiffs, and he knew that the brunt of that injury would be felt by the Plaintiffs in Michigan – the state where Plaintiffs live and work. Under these circumstances, Defendant James Christopher Hastey reasonably anticipated being haled into court in Michigan to answer for the truth of the statements made.

45.     Defendant James Christopher Hastey deliberately availed himself of the jurisdiction of Michigan courts. To further the alt-right agenda Defendant James

Christopher Hastey propagated this defamatory story to further fuel the alt-right movement by targeting a Michigan resident and distributing his identity and to the alt-right network.  Defendant James Christopher Hastey purposely availed himself of the privilege of acting in Michigan though his website, because his website is interactive to a degree that reveals he specifically intended interaction with residents of Michigan. Defendant James Christopher Hastey intentionally committed a tortious act which was expressly aimed for dissemination in Michigan, and the brunt of the effects of those actions were felt within Michigan. Defendant James Christopher Hastey's defamatory statements – discussed in more detail below – were in further support of the alt-right political platform. He knowingly targeted a Michigan resident, as the article stated Joel Vangheluwe lived in Michigan and Joel Vangheluwe went to high school in Michigan.

46.   **Defendant Connie Comeaux.** Defendant Connie Comeaux made a defamatory statement that she knew would have a potentially devastating impact upon the Plaintiffs, and she knew that the brunt of that injury would be felt by the Plaintiffs in Michigan – the state where Plaintiffs live and work. Under these circumstances, Defendant Connie Comeaux reasonably anticipated being haled into court in Michigan to answer for the truth of the statements made.

47.   Defendant Connie Comeaux deliberately availed herself of the jurisdiction of Michigan courts. To further the alt-right agenda Defendant Connie

Comeaux propagated this defamatory story to further fuel the alt-right movement by targeting a Michigan resident and distributing his identity and to the alt-right network.  Defendant Connie Comeaux purposely availed herself of the privilege of acting in Michigan though her website, because her website is interactive to a degree that reveals she specifically intended interaction with residents of Michigan. Specifically, she included the home address of the Vangheluwe family.   Defendant Connie Comeaux intentionally committed a tortious act which was expressly aimed for dissemination in Michigan, and the brunt of the effects of those actions were felt within Michigan. Defendant Connie Comeaux's defamatory statements – discussed in more detail below – were in further support of the alt-right political platform. She knowingly targeted a Michigan resident, as the article stated Joel Vangheluwe lived in Michigan and Joel Vangheluwe went to high school in Michigan.

## FACTS

48.    On August 12, 2017, a Dodge Challenger was driven into a crowd of counter-protestors at a "Unite the Right" rally in Charlottesville, Virginia. The terror attack resulted in the death of Heather Heyer, a 32-year-old Charlottesville legal assistant. Nineteen others were injured in the attack.

49. Within hours of the terror attack, James Fields Jr., an individual from Ohio, was apprehended by police and charged with second-degree murder, malicious wounding and failure to stop in an accident that resulted in death.

20

50.  The same day, Defendant GotNews LLC ("GotNews") falsely reported Joel Vangheluwe, a Michigan resident, as the domestic terrorist who drove a Dodge Challenger into a crowd of counter-protestors at a "Unite the Right" rally in Charlottesville, Virginia.

51.    The GotNews article led with a picture of Joel Vangheluwe pulled from his Instagram account, and is headlined: "BREAKING: #Charlottesville Car Terrorist Is Anti-Trump, Open Borders Druggie."[4] The subheading stated: "Evidence indicates a left-winger mowed down antifa counter-protestors in Charlottesville, not a right-winger or white nationalist, GotNews can exclusively reveal."

52.    GotNews cited Facebook pages and a license plate search to support its accusations, stating: "License plate searches of the 2010 Dodge Challenger that killed one and injured nearly 20 in Charlottesville found that the vehicle was registered to Jerome Vangheluwe of Michigan. A Facebook crawl of his relatives reveals the car was in the possession of his son, Joel." The article incorporated a picture of the mobile version of Joel Vangheluwe's LinkedIn account, which included such personal information as his full name, picture, current location, and where and when he attended high school.

---

[4] Exhibit A (GotNews Article)

53.     The article alleged: "Joel likes taking drugs and getting stoned, a look at his social media shows. What [sic] he under the influence when he crashed into the crowd at Charlottesville?" Screenshots of Joel Vangheluwe's Facebook and Instagram pages also accompanied the article. Defendant Charles C. Johnson is the creator and CEO of Defendant GotNews, LLC.

54.     Defendant Freedom Daily, LLC, ("Freedom Daily") published an article on its website freedomdaily.com with the headline: "BREAKING: Driver Who Plowed Into Charlottesville Crowd Identified – Media Tries To Hide Who It Is."[5] The article goes on to say: "Although it was originally reported that the driver of the car was a far right sympathizer it's now been confirmed that it was indeed a Democrat Party member and Antifa terrorist drove his car into free speech advocates in Charlottesville Virginia this morning."

55.     The Freedom Daily article incorporated a picture of the mobile version of Joel Vangheluwe's LinkedIn account, which included such personal information as his full name, picture, current location, and where and when he attended high school. Screenshots of his Facebook page were also added in between the text of the article. Defendant Jeffrey Rainforth is credited as a contributor to the same article.

56.     Defendant David Petersen posted a similar article on his news blog, www.puppetstringnews.com ("Puppet String News"). The headline read: "Friendly

[5] Exhibit B (Freedom Daily Article)

Fire…Charlottesville Car attacker is anti-Trump Antifa supporter […]"[6]
Immediately below the headline, the article incorporated a collage of pictures from
Joel Vangheluwe's social media accounts along with registration information for the
Dodge Challenger indicating the vehicle belonged to Joel's father, Jerome. The
pictures also included Joel's email address.

57.     Defendant Petersen's article incorporated the same information as the
GotNews article, along with original text, stating:

> Well it looks like we now know more information about the car attack
> today at a Unite the Right rally in Charlottesville Virginia and it looks
> like friendly fire as the driver/owner of the Dodge Challenger is now a
> known antifa/anti Trump supporter. Guess you can say the Left tried to
> basically use an anti Trump/Antifa terrorist to make it look like a Trump
> supporter did it, but all of those claiming this as a terrorist attack from
> a Trump supporter…Well there is this thing called the internet.
>
> So once again Left Wing terrorism has been exposed in America, where
> the driver of this Dodge Challenger that ran over nearly 19 people
> killing one is an anti Trumper and Antifa supporter of [sic] member. So
> now basically lefties in America are committing terrorist attacks in
> America on their own people to blame it on Trump and his supporters.

58.     Following the text, Petersen posted more pictures taken from Joel
Vangheluwe's social media accounts as well as the Dodge Challenger's registration
information. That information included Jerome Vangheluwe's full name, age,
location, the names of his relatives, and the last four digits of his phone number. The
pictures also incorporated the caption: "This is Jerome Vangheluwe. He is the owner

---

[6] Exhibit C (Puppet String News Articles)

of the 2010 Dodge Challenger which crashed into 20 people at an Antifa rally in Virginia. He has lived in Michigan, Ohio, and now possibly lives in Detroit. He most likely bought this car for his son, Joel Vengheluwe [sic]."

59.    Defendant Petersen posted another article the day after the first post, with the headline: "Truth! Charlottesville car ramming investigation not limited to the driver." The text of the article read:

> Well it looks like the so called driver that killed one person and injured around 20 in Charlottesville, VA may not just be the only person involved in the violent attack. Remember that James Alex Fields Jr.'s name doesn't even come up on the registration of the vehicle, as the vehicle registration is registered in Michigan even though it has Ohio plates to Jerome Vangheluwe the father of a Antifa member and anti Trumper Joel Vangheluwe.
>
> Now if you look at Joel's Facebook page, you will see a photo that claims the car as his, so since the investigation now involves more than just the person behind the wheel… It's likely Joel or Jerome Vangheluwe the owners of the car possibly brainwashed James Alex Fields to do the attack. See folks eventually you can connect the dots, and this was likely an ordered hit by the Vangheluwe family in Michigan who could of possibly brainwashed James Alex Fields into this attack as the DOJ is reporting that the driver may not be the only person involved in this horrible incident.

60.    Studio News Network, a political blog operated by Defendant Jonathan Spiel, posted a video on the blog's YouTube page with the headline: "Left-winger mowed down antifa protestors in Charlottesville, not a right-winter Evidence indicates".[7] The thumbnail of the video is a picture of Joel Vangheluwe.

---

[7] Exhibit D (Studio News Network Video)

61.     Additionally, Studio News Network posted a "news" article on the Studio News Network website, studionewsnetwork.com. The article stated: "License plate searches of the 2010 Dodge Challenger that killed one and injured nearly 20 in Charlottesville found that the vehicle was registered to a Jerome Vangheluwe of Michigan. A Facebook crawl of his relatives reveals the car was in the possession of his son, Joel."[8] The article also incorporated screenshots of Joel Vangheluwe's LinkedIn and Facebook pages, which included such personal information as his picture, his current location, and where and when he attended high school.

62.     Defendant Shirley Husar posted the article from "Puppet String News" to her Facebook page, along with the original text:

> The world is going mad. Evidence indicates a left-winger mowed down antifa counter-protestors in #Charlottesville, not a right-winger or white nationalist, GotNews can exclusively reveal.License [sic] plate searches of the 2010 Dodge Challenger that killed one and injured nearly 20 in Charlottesville found that the vehicle was registered to a Jerome Vangheluwe of Michigan. A Facebook crawl of his relatives reveals the car was in the possession of his son, Joel […][9]

63.     Pictures with the Vangheluwes' personal information were incorporated into Defendant Husar's Facebook post, including Joel Vangheluwe's social media accounts, location information and addresses, registration information, and information about where Joel attended high school.

---

[8] Exhibit E (Studio News Network Article)
[9] Exhibit F (Shirley Husar's Facebook post)

64.    Defendant Eduardo Doitteau posted from his handle on Twitter: "REPORT: Antifa member Joel Vangheluwe from Romeo, Michigan, was the driver that mowed down his other Antifas protesting. #Charlottesville."[10]  Attached to the post was a collage of pictures from Joel Vangheluwe's social media accounts along with registration information for the Dodge Challenger indicating the vehicle belonged to Joel's father, Jerome. The collage also included Joel's email address, current location, and a picture of Joel from his LinkedIn page.

65.    Defendant Lita Coulthart-Villanueva posted from her handle on Twitter: "Killer confirmed. Jerome Vangheluwe […]"[11] Attached to the post was a link to a huffingtonpost.com article about the attack in Charlottesville and an image of the Dodge Challenger driving into protesters.

66.    Defendant Kenneth Strawn posted from his handle on Twitter: "Yes, it's #OhioGVF1111 and the driver's name is Joel VanGheluwe [sic]. His Facebook is loaded with anti-Trump, pro-globalist rhetoric."[12]

67.    Defendant James Christopher Hastey posted from his Twitter account: "#Charlottesville driver turns out to be anti-Trump Antifa Joel Vangheluwe – when are we going to declare #antifa a terrorist organization?"[13]

---

[10] Exhibit G (Eduardo Doitteau Twitter post)
[11] Exhibit H (Lita Coulthart-Villanueva Twitter post)
[12] Exhibit I (Kenneth Strawn Twitter post)
[13] Exhibit J (James Christopher Hastey Twitter post)

68.     Defendant Connie Comeaux posted from her Twitter handle: "This is the Nazi Coward who deliberately drove his car into people: Jerome Vangheluwe [...]"[14] Defendant Comeaux then listed Jerome Vangheluwe's residential address.

69.     The Dodge Challenger that struck the crowd of counter-protesters at the rally was not titled to any member of the Vangheluwe family at the time of the incident. The car passed through several owners between the time Mr. Vangheluwe sold the vehicle, which was several years ago, and the day of the rally.

70.     After the defamatory information was posted on the internet by GotNews and the other Defendants, the Vangheluwes began receiving countless anonymous threats. Michigan State police were notified and the family was warned to leave their home. The threats caused the Vangheluwes to fear for their safety and well-being. Clients of Jerome Vangheluwe's business also became fearful after the online threats.

71.     On November 6, 2017, counsel for Plaintiffs sent retraction letters to each of the above-named Defendants. The retraction letter demanded a full and unqualified retraction pursuant to Mich. Comp. Laws Ann. § 600.2911(b), and allowed Defendants a reasonable amount of time to do so.

---

[14] Exhibit K (Connie Comeaux Twitter post)

72.     Jerome and Joel Vangheluwe experienced serious and severe emotional and physical distress as a result of the Defendants' defamatory statements and suffered harm to their reputations, lost earnings, and other pecuniary loss.

## FIRST CAUSE OF ACTION
### Negligence as to Defendant Strawn Only

73. Defendant Strawn, through his careless dissemination of false and inflammatory statements, negligently harmed Joel Vangheluwe.

74. Defendant Strawn owed a duty of care to Joel Vangheluwe, as an ordinary and prudent person, not to subject him to unnecessary risk of harm. By disseminating the false information accusing Joel Vangheluwe of terrorism, he breached the duty of care by subjecting Joel Vangheluwe to an unnecessary risk of harm and exposing him to threats on his life.

75. By negligently publishing the false information, Defendant Strawn proximately caused Joel Vangheluwe to be subjected to threats on his life and injury to his reputation.

76.     Defendant Strawn negligently disseminated the false statement and made the substantial danger to Joel Vangheluwe's reputation apparent.

77. A careful investigation prior to publication would have clearly demonstrated the falsity of the statement.

## SECOND CAUSE OF ACTION
### Defamation /  Defamation Per Se
### (Against Remaining Defendants)[15]

78.     Plaintiffs repeat and re-allege all of the allegations stated herein, and reincorporate them by reference as though fully set forth herein.

79.     Plaintiffs are not public officials or public figures.

80.     Plaintiffs are private individuals.

81.     The Remaining Defendants intentionally caused the publication of false and unprivileged oral and written statements that had a tendency to damage the Plaintiffs' reputation and character.

82.     Remaining Defendants' website posts, tweets and other social media were read by tens of thousands of individuals on the Internet, and constitute publication under the law.

83.     Remaining Defendants' statements are false and have a natural tendency to injure the reputations and financial interests of Plaintiffs. Specifically, Remaining Defendants' accusations that the Vangheluwes were involved in the commission of a terror attack on American soil were false and defamatory.

84.     To state that someone is a terrorist subjects them to scorn and outrage by the community.

85.     Remaining Defendants knew or had reason to know that these

---

[15] The term "Remaining Defendants" is defined as all defendants except Defendant Strawn.

statements were false when they made them, but they made them anyway.

86.    The false statements accusing Plaintiffs of a crime are per se defamatory.

87.    The Remaining Defendants made the false statements with malice to further their own political agendas.

88.    As a direct and proximate result of the Remaining Defendants' conduct alleged herein, the Vangheluwes have suffered general and special damages including, without limitation, harm to their reputations, emotional distress, lost earnings, and other pecuniary loss, all of which are in excess of $75,000.

## THIRD CAUSE OF ACTION
## Intentional Infliction of Emotional Distress
## (Against all Remaining Defendants)

89.    Plaintiffs incorporate into Count Three the allegations in the foregoing paragraphs.

90.    The Remaining Defendants' conduct was designed to inflict maximum emotional distress on Plaintiffs Jeremy and Joel Vangheluwe.

91.    The Remaining Defendants knew that serious and severe emotional distress to the Vangheluwes was certain or substantially certain to result from their conduct.

92.    The Remaining Defendants could reasonably foresee the consequences of their conduct and actually intended such consequences to occur.

93.    The Remaining Defendants' conduct was extreme and outrageous and went beyond all possible bounds of decency.

94.    The Remaining Defendants' conduct was not for any proper purpose, nor was it within the scope of the Remaining Defendants' authority.

95.    The Vangheluwes have experienced serious and severe emotional distress as a direct and proximate result of the Remaining Defendants' conduct.

96.    As a direct and proximate result of the Remaining Defendants' conduct, Plaintiffs have suffered humiliation, mortification, embarrassment, sleeplessness and anxiety, and other damages that may arise during the course of discovery.

97.    Defendants are liable to the Vangheluwes for the emotional distress they caused in an amount greater than $75,000 to be determined at trial.

## FOURTH CAUSE OF ACTION
### Invasion of Privacy: False Light
### (Against all Remaining Defendants)

98.    Plaintiffs incorporate into Count Four all allegations in the foregoing paragraphs.

99.    The Remaining Defendants caused there to be publicity concerning the Plaintiffs.

100.    The publicity placed the Plaintiffs in a false light in the public eye. Specifically, the Remaining Defendants made statements that put the Plaintiffs in a false light.

101.   Plaintiffs had a right to keep intimate details and matters private.

102.   The Remaining Defendants communicated information about Plaintiffs publicly.

103.   The Remaining Defendants' statements were false and highly offensive, and would be highly offensive to a reasonable person.

104.   The Remaining Defendants' conduct as outlined above was reckless and of such character as to be intolerable in civilized society.

105.   The Remaining Defendants' conduct was not for any proper purpose, nor was it within the scope of the Remaining Defendants' authority, or otherwise immune or privileged.

106.   As a direct and proximate result of the Remaining Defendants' conduct, Plaintiffs have suffered humiliation, mortification, embarrassment, sleeplessness and anxiety, and other damages that may arise during the course of discovery.

107.   The Remaining Defendants' conduct deliberately and intentionally injured the Plaintiffs; the acts were willful and malicious.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs Joel and Jerome Vangheluwe pray for judgment against Defendants, severally and individually, awarding:

A.     Compensatory damages, including but not limited to, lost wages and benefits, loss of peace of mind and enjoyment of life, damages to health and reputation, emotional distress, and other specific and general damages in an amount proven at trial;

B.     Exemplary and punitive damages in an amount to be proven at trial;

C.     Attorney's fees and costs;

D.     Prejudgment and post judgment interest;

E.     Civil penalties and fines as determined by statute;

F.     Any other relief to which Plaintiffs may be entitled upon proof at trial that the Court deems just and proper.

Respectfully submitted,

SOMMERMAN, McCAFFITY
QUESADA, & GEISLER, L.L.P.

 /s/  *Andrew B. Sommerman*
Andrew B. Sommerman
ATTORNEYS FOR PLAINTIFFS
Texas State Bar No. 18842150
3811 Turtle Creek Boulevard,
Suite 1400
Dallas, Texas  75219
214/720-0720 (Telephone)
214/720-0184 (Facsimile)
andrew@textrial.com

**AND**

KIRK, HUTH, LANGE
& BADALAMENTI, PLC

Raechel M. Badalamenti (P64361)
CO-COUNSEL FOR PLAINTIFFS
19500 Hall Road, Suite 100
Clinton Township, MI  48038
(586) 412-4900    Fax:  (586) 412-4949

Dated:  May 24, 2019                    rbadalamenti@khlblaw.com

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| Joel Vangheluwe and Jerome Vangheluwe, | |
| *Plaintiffs*, | Case No. :  2:18-cv-10542-LJM-EAS |
| v. | Hon. Laurie J. Michelson |
| GotNews, LLC, Freedom Daily, LLC, Charles C. Johnson, Jeffrey Rainforth, David Petersen, Jonathan Spiel, Shirley Husar, Eduardo Doitteau, Lita Coulthart-Villanueva, Kenneth Strawn, James Christopher Hastey, Connie Comeaux, | Mag. Elizabeth A. Stafford |
| | **DEMAND FOR JURY TRIAL** |
| *Defendants*. | |

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues triable by a jury.

35

Respectfully submitted,

SOMMERMAN, McCAFFITY
QUESADA, & GEISLER, L.L.P.

 /s/  *Andrew B. Sommerman*
Andrew B. Sommerman
Texas State Bar No. 18842150
3811 Turtle Creek Boulevard,
Suite 1400
Dallas, Texas  75219
andrew@textrial.com

**AND**
KIRK, HUTH, LANGE
& BADALAMENTI, PLC

Raechel M. Badalamenti (P64361)
CO-COUNSEL FOR PLAINTIFFS
19500 Hall Road, Suite 100
Clinton Township, MI  48038
(586) 412-4900    Fax:  (586) 412-4949

Dated:  May 24, 2019          rbadalamenti@khlblaw.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on March 24, 2019, the foregoing Request was served via ECF on counsel of record for defendants who have appeared in this case, as well as to the following ProSe Defendants via First Class Mail:

Lita Coulthart-Villanueva
 Jeffries St.
Anderson, CA

Jeffrey Rainforth
H St., Apt.
Sacramento, CA

/s/  *Andrew B. Sommerman*