Marc J. Randazza
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Tel: (702) 420-2001
ecf@randazza.com

Herschel P. Fink (Reg. # P13427).
JAFFE RAIT HEUER & WEISS, P.C.
Grand Park Centre Building
28 W. Adams Ave., Suite 1500
Detroit, MI 48226
Tel: (313) 800-6500
hfink@jaffelaw.com

*Attorneys for Defendants*
*GotNews, LLC & Charles C. Johnson*

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| JOEL VANGHELUWE, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>GOTNEWS, LLC, et al.<br><br>　　　　　Defendants. | Case No.: 2:18-cv-10542-LJM-EAS<br><br>**RESPONSE TO ORDER FOR DEFENDANTS GOT NEWS AND JOHNSON TO PROVIDE STATUS** |

On August 1, 2019, this Court issued an Order (Doc. No. 116) requiring counsel for Defendants Got News, LLC, and Charles Johnson to provide a status update in anticipation of the telephone status conference scheduled for August 7, 2019, at 2:00 p.m.

1) As to Charles Johnson, Plaintiffs accepted offers of judgment by Mr. Johnson on May 30, 2018.  See Doc. Nos. 32 and 33.  On August 31, 2018, Plaintiffs requested that the Court issue judgment thereon.  See Doc.

Nos. 87 & 88. In early May 2019, the plaintiffs and Mr. Johnson mediated a settlement, coming to a meeting of the minds. A final version of the written settlement agreement appeared to have been reached, but Plaintiffs ceased communications with Mr. Johnson and, upon belief, the mediator. However, on August 6, 2019, at 4:05 p.m. Eastern, Plaintiffs's counsel circulated a new revision to the draft agreement making several substantive changes to which Mr. Johnson had not agreed during mediation. Mr. Johnson believes referral to a Magistrate Judge for further mediation may be helpful.

2) As to Got News, LLC, Plaintiff Jerome Vangheluwe accepted an offer of judgment on May 30, 2018. See Doc. No. 34. On August 31, 2018, he requested that the Court issue judgment thereon. See Doc. No. 89. No further settlement has been reached. Per the below, this claim is subject to the bankruptcy stay.

…

…

…

…

…

…

…

…

…

…

…

3) Further, as to Got News, LLC, following the denial of an anti-SLAPP motion as to the claims by Plaintiff Joel Vangheluwe (Doc. No. 95), Got News, LLC, filed an interlocutory appeal to the U.S. Court of Appeals for the 6th Circuit on February 15, 2019.  See Doc. No. 98.  On April 25, 2019, Got News, LLC, filed a Suggestion of Bankruptcy.[1]  See Doc. No. 110; see also *In re: Got News, LLC*, Case No. 2:19-bk-14693 (C.B. Cal. Filed Apr. 24, 2019).  Pursuant to 11 U.S.C. § 362, the claims by both plaintiffs are stayed.  The bankruptcy matter is ongoing, and the stay remains in

---

[1] On April 11, 2019, counsel for Got News, LLC, moved to withdraw.  (Doc. No. 107).  On April 25, 2019, the Court adjourned the hearing on the motion in light of the bankruptcy.  (Doc. No. 111).  No portion of the governing statute precludes counsel of record from withdrawing.  See 11 U.S.C. § 362 et seq.  Rather, it precludes actions "against the debtor" or its property interests.  11 U.S.C. §§ 362(a).

A motion to withdraw is not against the debtor. It is a request to not have to continue providing services to the debtor. Contrast 11 U.S.C. § 366(a) (the only provision precluding a vendor's termination of services to a debtor, which is when the vendor is a utility).  Undersigned counsel has not been employed by the trustee under 11 U.S.C. § 327 and counsel's services were terminated by the debtor pre-petition.

Courts regularly permit counsel for a party who has filed a bankruptcy petition to withdraw.  *See, e.g., Starmac, Inc. v. City of Minneapolis*, 2014 U.S. Dist. LEXIS 120849, at *1-2 (D. Minn. Aug. 29, 2014); *Title Res. Guar. Co. v. Am. Title Servs. Co.*, 2014 U.S. Dist. LEXIS 76078, at *2 (D. Colo. May 30, 2014); *EEOC v. Lehi Roller Mills Co.*, 2013 U.S. Dist. LEXIS 155017, at *1 (D. Utah Oct. 28, 2013); *Portscher v. Ohio Indus.*, 2007 U.S. Dist. LEXIS 19692, at *12-13 (W.D.N.Y. Mar. 16, 2007); *Banyan Licensing, Inc. v. Orthosupport Int'l, Inc.*, 2002 U.S. Dist. LEXIS 17341, at *11 (N.D. Ohio Aug. 15, 2002)(notwithstanding comity given to Canadian bankruptcy stay); and *Stotler & Co. v. Sonnenschein*, 1989 U.S. Dist. LEXIS 655, at *1 (N.D. Ill. Jan. 18, 1989).

In fact, counsel is aware of only one instance where a magistrate judge held a withdrawal motion in abeyance on account of the client's bankruptcy petition, but, in that case, the District Court judge opted not to reach the issue, affirming on other grounds.  *See Corp. Comm'n of the Mille Lacs Band of Ojibwe Indians v. Money Ctrs. of Am., Inc.*, Case No. 12-cv-1015 (D. Minn. Jun. 26, 2015). Thus, there is no reason the motion to withdraw should not be allowed.

place. Undersigned counsel is not privy to any communications between the Trustee or his counsel with Plaintiffs, if any, but it does not appear on the docket as though any settlement or other resolution has been reached regarding Plaintiffs' claims within the bankruptcy.

Dated: August 6, 2019  Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117

Herschel P. Fink (Reg. # P13427).
JAFFE RAIT HEUER & WEISS, P.C.
Grand Park Centre Building
28 W. Adams Ave., Suite 1500
Detroit, MI 48226

*Attorneys for Defendants*
*GotNews, LLC & Charles C. Johnson*

Case No. 2:18-cv-10542-LJM-EAS

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 6, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza